JOHNNY GROOMS V. THE STATE.

No. 23804. Delivered November 19, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by indictment as a second offender in driving an automobile while under the influence of intoxi-

cating liquor, and upon his conviction, he was given a sentence of two years in the state penitentiary. Hence this appeal.

In his Bill of Exception No. 1, appellant complains because of the admission in evidence over his objection of the testimony of P. A. Mahon, the owner of the automobile which appellant was charged with driving, that while he and appellant were in jail, appellant told him (Mahon) that he had nothing to worry about because he (appellant) had been the one who drove the car on the evening in question. This was thought by appellant's attorney to have been inadmissible because the conversation took place while appellant was under arrest. We think the error, if any, was cured on account of the fact that appellant himself took the witness stand and testified, among other things, that he was driving the car at the time of their arrest; and there being no other contention relative to the driver of the car, we see no harm having resulted to appellant by showing after his testimony was given on the stand the conversation that took place between appellant and his companion while they were confined in jail.

The remaining bills of exception related to the introduction of a certain judgment in Cause No. 9122 of the County Court of Tom Green County, Texas, in which it was shown a prior judgment against appellant for drunken driving. This prior conviction for such driving was pleaded as such in the indictment and necessarily had to be pleaded and proven in order to give the District Court of that county jurisdiction over this second offense.

While there seems to have been some objections to the introduction of certain papers in the first cause No. 9122 of the County Court, we think that it is evident from the record that appellant pleaded guilty to the County Court case; and while it was hardly necessary to introduce all the papers in such cause such as the information, complaint, judgment, capias and commitment therein, we think this testimony, taken in conjunction with appellant's admission that he was the same man who was convicted of drunken driving in the Tom Green County Court case, was sufficient to establish such fact, and we are unable to see any error shown in the matter of the proof of such cause.

Finding no error in the record, the judgment is affirmed.