ROBERT LEE LEWIS V. STATE.

No. 25084. January 10, 1951.
Rehearing Denied March 14, 1951.

*J. W. McCullough,* McKinney, and *Floyd Harry,* Farmersville, for appellant.

*Paul Worden,* Criminal District Attorney, McKinney, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for burglary a jury having assessed the minimum punishment of two years in the penitentiary.

Mrs. Lee McMillian, the injured party named in the indictment, owned a house and farm in the Culleoka Community of Collin County, from which she moved in November, 1949.

On the farm there was also a smoke-house in which Mrs. McMillian testified that she stored some of her possessions when she left the farm.

There was a trunk in the smoke-house in which she had the clothing which had belonged to a deceased child. There was also a wooden box which her husband had made and painted, and a tin box and other articles.

On a visit to the farm on March 23, 1950, Mrs. McMillian noticed that some of the screws had been removed from a hasp or hinge on the smoke-house door, and the smoke-house had apparently been gone into.

Some of the dead baby's clothes were missing out of the trunk, and other property was missing, including the wooden box, some combs, a bread box and some crochet work.

All of these articles were found at the home of John Donaldson and were turned over to the deputy sheriff by Mrs. Donaldson.

Mrs. Donaldson testified that appellant was her son-in-law, having married her fourteen-year-old daughter; that he brought the articles to her home a week or more before the officer came for them.

The goods recovered were offered in evidence as the state's exhibit, and were identified by the owner as having been her property which she had stored in the smoke-house.

Appellant did not testify, but offered the testimony of his wife and a friend, Ivy Sharp.

According to their testimony, they went with appellant to the McMillian farm house on March 8, 1950, appellant being in search of a house to rent and move into. They testified that appellant did not enter the smoke-house on such occasion, but that he went into the open door of the residence, and came out with the property constituting the state's exhibit saying that "the stuff was in there, that he figured somebody run off and left it and that they didn't want it, and he figured he could use it, and picked it up."

The trial court charged upon the law of circumstantial evidence, and instructed the jury to acquit appellant if they found that the property was taken from the residence and not from the smoke-house, or if they had a reasonable doubt thereof.

The jury resolved the issues in favor of the state and convicted appellant. We are unable to say that they disbelieved or disregarded the testimony of appellant's witnesses. It may be that they accepted the testimony as true, but believed that appellant had previously taken the property from the smoke-house and left it in the residence at a time when the witnesses were not present. The issues of fact made by the testimony were for the jury, and their conclusion is supported by the evidence.

By his Bills of Exception Nos. 6 and 8, complaint is made of the opening argument of the district attorney.

Bill No. 6 is addressed to the following remarks:

"This box (referring to the one that had been introduced in evidence) here was made as a useful household article by her husband, who has now departed this life. And her baby's clothes that were worn by her dead child. That is hers, Gentlemen. She had a right to expect that it wouldn't be taken away from her, that some renegade tramping the country riding around in a car, wouldn't drive up to that house under the guise of looking for a place to live - -."

Appellant objected to such argument because of the use of the expression "a renegade riding around in his car," as being prejudicial to the rights of appellant. The trial court promptly sustained the objection, and instructed the jury not to consider the remarks.

Bill No. 7 is addressed to the part of such opening argument wherein the district attorney made the following statement:

"Now then, as to his wife testifying (referring to defendant's wife), I have just one remark. I don't have anything at all for a man that will hide behind the skirts of his wife, particularly * * *."

Appellant's objection was that such remarks were improper, prejudicial to the rights of the defendant, not sustained by the evidence, and constituted a reference to the defendant's failure to testify.

Appellant's objection was sustained, and the jury was promptly instructed not to consider the argument.

Bill No. 8 complains that immediately following the argument complained of in Bill No. 7 and the sustaining of his objection thereto, the district attorney in effect repeated the complained of remark in the following language:

"I do not have anything but contempt for a man that will hide behind the skirts of his wife."

The court, thereafter, gave a written charge to the jury not to consider the argument. Appellant, however, contends that the complained of argument was also a reference to the defendant's failure to testify, and constitutes reversible error notwithstanding the court's ruling and instruction.

We are unable to agree that the remarks constituted a direct or implied an indirect allusion to appellant's failure to testify.

The witness Ivy Sharp testified to the same effect as appellant's wife, their testimony being that they were both present with appellant at the McMillian farm.

For the argument to offend against the statute prohibiting allusion to or comment upon the failure of a defendant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that such language might be construed as an implied or indirect allusion thereto. See Boone v. State, 90 Tex. Cr. R. 374, 235 S.W. 580; Opp v. State, 132 Tex. Cr. R. 221, 103 S.W. 2d 748; Burns v. State, 141 Tex. Cr. R. 557, 150 S.W. 2d 384.

In light of the trial court's prompt instruction to the jury to disregard each of the complained of arguments and the assessment of the minimum punishment against appellant by the jury, reversible error is not shown.

The evidence being deemed sufficient to sustain the conviction, and no reversible error being found in the record, the judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

. DAVIDSON, Judge.

Appellant challenges the correctness of our conclusion that the facts are sufficient to support the conviction.

That someone burglarized the smokehouse and took therefrom the stolen property is well established.

By facts which he placed in evidence, appellant narrowed his defense so as to depend upon a finding that he got the stolen property from the residence and not the smokehouse.

In the light of this proof, we are unable to agree with the appellant that the state failed to show him in the recent possession of property taken from the burglarized premises.

We remain convinced that the facts support the conviction, and appellant's motion for rehearing is overruled.

Opinion approved by the court.