KENNETH EUGENE POTTS V. STATE.

No. 30,079. November 19, 1958.
Motion for Rehearing Overruled January 21, 1959.

*James J. Shown,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for aggravated assault with a motor vehicle; the punishment, confinement in jail for 365 days.

Officer C. G. Wright of the Houston Police Department testified that while on duty and driving his patrol car on Richmond road, he observed a 1956 Ford car run a stop sign on Hazard street; that he attempted to stop the car but the driver tried to outrun him: that he proceeded to pursue the car through the residential area on various public streets for a distance of 5.4 miles with the speedometer on his car at one point reading 120 miles per hour; that during the later part of the chase "As we got onto Lamar Street going along the wrong way on Lamar at approximately 70 m.p.h. the car that I was chasing changed lanes in front of me and not slowing up. When I saw what he was doing I put on my brakes immediately to try to avoid an accident. I was unable to do so and this car turned right in front of me and I hit him almost broadside. He then hit a pedestrian and knocked him a few feet into the air and over the curb and this car went and slid into a city of Houston traffic signal. The driver of the car then climbed over the two occupants in the seat and tried to run away."

Officer Wright further testified that there were three persons in the car he was pursuing and identified the appellant as the driver of the car when it turned in front of him immediately before striking the pedestrian.

Officer J. D. Belcher testified that he arrived at the scene of the accident within two and one half minutes after the collision and observed three men, one of whom was the appellant,

standing at the side of the Ford automobile with their hands on the top and that he administered aid to the injured pedestrian.

Jimmy Benjamin Kemp, the injured pedestrian, testified that on the night in question, as he started across Lamar street at an intersection, he was struck by a car and knocked unconscious and that he could not identify the vehicle which struck him; that he received a cut lip, injury to his chest and a bruised knee; that he was carried to a hospital for treatment and that he still had pain in his chest and lip.

In his charge to the jury, to which no objections were addressed, the court having submitted the terms of Art. 1149 V.A.P.C. and defined the term "negligence," authorized a conviction upon a finding by the jury that appellant while driving an automobile, committed an aggravated assault in and upon the person of Jimmy Benjamin Kemp by then and there colliding with and causing injury less than death to his person.

The effect of the charge was to authorize a conviction upon a finding that appellant wilfully or with negligence collided with Jimmy Benjamin Kemp.

In the absence of an objection the charge was sufficient.

The defense theory was that it was the officer's car and not the automobile driven by appellant that collided with Kemp. The jury accepted the testimony of Officer Wright which was contrary to such theory.

The charge of the court was sufficient, in the absence of an objection, and required a finding that the car driven by appellant collided with Kemp and caused his injuries.

Appellant did not testify but called witnesses who testified that he had been in the penitentiary and had been released on parole, but that his reputation for being a peaceable, law abiding citizen was good. One of the witnesses was his mother who testified also that appellant had maintained his innocence in the case to her while confined in jail.

Appellant insists that reversible error is presented by Bill of Exception No. One which relates to a certain statement made by state's counsel in his jury argument.

The bill reflects that state's counsel, after commenting upon

the state's testimony in the case, stated "The defendant's testimony was * * *" and before proceeding any further counsel for appellant objected on the ground that the statement was a comment upon the appellant's failure to testify and an allusion thereto, and moved for a mistrial. Appellant's objection was by the court sustained, the jury instructed not to consider the statement and the motion for mistrial overruled.

Recently in Hart v. State, 163 Texas Cr. Rep. 472, 293 S.W. 2d 659, in passing upon the contention that certain argument constituted a reference to the accused's failure to testify, we said:

"For the argument to offend against the statute, Art. 710, V.A.C.C.P., prohibiting allusion to or comment upon the failure of a defendant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto. Lewis v. State, 155 Texas Cr. Rep. 519, 236 S.W. 2d 812."

We do not construe the statement of counsel as referring to the appellant's failure to testify. While appellant did not testify he did call witnesses who gave testimony in his behalf before the jury. It is obvious that the prosecutor was referring to testimony which had been given in behalf of appellant and not to testimony that had not been given. Under the record and in view of the court's instruction, we find no reversible error in the bill.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

Opinion approved by the Court.

WOODLEY, Judge (concurring).

I concur in approving the opinion of Judge Dice, but would add the following.

The court, in his charge, instructed the jury: "Our statute provides that if any driver or operator of a motor vehicle *shall wilfully or with negligence,* collide with or cause injury less than

death to any other person, he shall be guilty of aggravated assault with a motor vehicle * * *."

This charge is in almost the identical language of Art. 1149 P.C., under which this prosecution was had.

Following the above quoted language the charge stated the punishment provided in Art. 1149 P.C., and defined "negligence."

The court then applied the law to the facts and instructed the jury to convict if they found that appellant did drive an automobile "and did then and there commit an aggravated assault upon the person of Jimmy Benjamin Kemp by then and there colliding with and causing injury less than death" to his person.

This was a sufficient submission in a prosecution under Art. 1149 P.C. If appellant thought he was entitled to have the jury make a finding on whether the collision was "wilful" or "with negligence", or if he thought that the jury should be confined to a collision "with negligence," it was incumbent upon him to call the matter to the attention of the trial judge by objection or requested charge. The statute, Art. 1149 P.C., applies whether the collision was "wilful" or was "with negligence."

A bit of evidence not mentioned in Judge Dice's opinion explains somewhat the conduct of appellant and his companions and their effort to escape from the pursuing officers. It was shown that there was stolen property in the car, and as stated, appellant was on parole from the penitentiary.

The jury was warranted in finding that appellant with negligence collided with and injured Kemp. If it was not wilful, it was with negligence. In either event, under Art. 1149 P.C. this offense was aggravated assault with a motor vehicle.

DAVIDSON, Judge, (dissenting).

It is fundamental that before one may lawfully be convicted of a crime in this state the jury—where a trial by jury is had—must find the existence of the elements necessary to authorize the conviction and that unless and until the jury so find, there can be no lawful conviction.

The information in this case alleged that appellant "* * * did then and there drive and operate a motor vehicle, to-wit,

an automobile, in Harris County, Texas, and did then and there commit an aggravated assault in and upon Jimmy Benjamin Kemp by then and there wilfully and with negligence colliding with and causing injury less than death to the person of the said Jimmy Benjamin Kemp."

Under that information, here is all that the trial court in his charge required the jury to find in order to convict the appellant:

"THEREFORE, if you believe from the evidence beyond a reasonable doubt that the defendant, Kenneth Eugene Potts heretofore on or about the 23rd day of January, A.D., 1958, in the County of Harris, State of Texas, did then and there drive and operate a motor vehicle, to-wit, an automobile, in Harris County, Texas, and did then and there commit an aggravated assault in and upon the person of Jimmy Benjamin Kemp by then and there colliding with and causing injury less than death to the person of the said Jimmy Benjamin Kemp, you will find the defendant guilty of aggravated assault by a motor vehicle * * *."

To demonstrate the incorrectness of the conclusion by my brethren, which is not sustained by this record, that "The effect of the charge was to authorize a conviction upon a finding that appellant wilfully or with negligence collided with Jimmy Benjamin Kemp," I copied, verbatim, the above applicable portion of the charge. Nowhere in that charge are the words "wilfully or with negligence" to be found. Nowhere in that charge is the jury required to find that the automobile was unlawfully or negligently operated or driven by the appellant.

Neither in that charge, nor elsewhere, did the trial court define or tell the jury what constituted an assault or an aggravated assault. The jury were therefore free to find the appellant guilty upon their own independent idea and conception as to what, in law, constituted an aggravated assault, without a finding that any assault was committed by and with a motor vehicle. Indeed, under the charge as given the jury was authorized to convict appellant of aggravated assault merely because the automobile he was driving struck and collided with the injured party.

Such is not the law. There is no statute in this state which says it is.

This prosecution was brought under and this conviction was

obtained as a violation of Art. 1149, Vernon's P.C., known as the "assault-with-motor-vehicle" statute.

The offense denounced thereby is by a special statute, special and distinct from other statutes dealing with assaults.

For one to be guilty of violating that statute, the driver must either wilfully or with negligence cause the motor vehicle he is driving or operating to collide with and cause some person to be injured.

It is, to me, inconceivable that one could be held to have violated that statute without a finding by the jury of either wilfulness or negligence. Yet that is exactly what my brethren have here held in affirming this conviction.

My brethren justify that affirmance by saying that no matter what the trial court charged the jury or what the facts were that he authorized in his charge as sufficient to convict, the appellant can not complain thereof and this court is without power to review because the appellant or his counsel did not except to the charge of the court and call attention to the fact that no finding of either wilfulness or negligence was required. In other words, what my brethren hold is that it makes no difference how erroneous a charge of the court is or whether the charge measures up to the requirements of the law or whether the charge requires the jury to find the accused guilty of the acts which are violations of the law and charged to have been committed, the accused can not complain of those errors, upon appeal, unless he points out to the trial court the errors in the charge at the time of trial.

Under such holding, appellant goes to jail for a year, not because he has been tried and convicted according to the law but because he failed to object to the court's charge. He serves a year in jail, then, because of waiver on his part of the right to complain of a charge of the trial court which was not, in fact, any charge at all.

The holding of my brethren is not the applicable and controlling law in all cases. There are very definite exceptions, and these are applicable and controlling here.

Art. 657, C.C.P., says that the jury "* * * are bound to receive the law from the court and be governed thereby." That statute has been in force in this state since the adoption of our-

original code and means exactly what it says—that is, that the jury must receive the law from the court.

Art. 658, Vernon's C.C.P., makes it the mandatory duty of a trial judge in cases such as here presented that before the argument begins he shall "deliver to the jury * * * a written charge, distinctly setting forth the law applicable to the case * * *." It is further provided by that statute that before the charge is read to the jury the defendant shall have a reasonable time to present his objections thereto in writing, distinctly specifying each ground of objection.

Art. 666, C.C.P., provides that "All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

It is that statute which my brethren say precludes the appellant from insisting that the charge as given in this case was, in fact, no charge at all.

I have no quarrel with the provisions of Art. 666, C.C.P., or its enforcement, but my position is that that statute does not and can not have application unless and until the trial court has complied with the law by giving to the jury a charge distinctly setting forth the law applicable to the case, which means the law applicable to the case as made by the pleadings and the evidence. See Note 11, Art. 658, Vernon's C.C.P., for attesting authorities.

Unless and until the trial court prepares and presents to the accused his charge which meets those basic requirements, there is nothing to which exceptions or objections may be levelled. Certainly the accused is not required to write the charge for the trial court. Such is the duty of the trial court. The statute so provides.

My views are expressed by this court and found under Note 12 of Art. 666, Vernon's C.C.P., wherein it is pointed out that a charge may be attacked for the first time upon appeal to this court when the error therein is "of a fundamental nature; that is, if the error be a material misdirection of the law applicable to the case" and calculated to injure the rights of the accused the conviction will be set aside.

A charge which is subject to such fundamental defect is not, in law, a charge setting forth the law of the case.

Suppose the trial court should draft a charge which would say to the jury: "Go out and do whatever you think ought to be done with the defendant." Surely it will not be contended that such charge distinctly sets forth the law of the case or that the accused would have to level any exception thereto.

When the jury, under the charge as given in this case, was authorized to convict appellant according to its own idea or conception of the law, it did so without a charge from the trial court which met the requirements of the law.

If trial by jury and due process of law mean anything at all, they mean a trial where the court gives the law and the jury determine the facts.

The charge in this case amounted to *no* charge, in the eyes of the law, and the appellant was under no burden to except thereto.

In support of the correctness of that conclusion and to further demonstrate that the charge in this case was fundamentally erroneous, I call attention to the case of Garza v. State, 162 Texas Cr. Rep. 655, 288 S.W. 2d 785, the opinion by my brother Woodley. This is a conviction for the unlawful possession of beer for the purpose of sale in a dry area. In his charge, the trial court authorized the jury to convict upon a finding that the accused possessed "more than one case containing 24 bottles having a capacity of not exceeding 12 ounces each * * *," as charged in the information. Such charge did not require the jury to find that the bottles contained beer. It was held that such charge was fundamentally erroneous because it authorized the jury "to return a guilty verdict without any finding that the bottles or containers contained beer." It was also held that the error in the charge was such as could be raised in this court without any exception or objection having been levelled thereto in the trial court. The supporting authorities cited in the opinion demonstrate the correctness of the conclusion reached.

That case is directly in point and controlling here, because nowhere in the instant charge was the jury required to find that appellant's acts were done "wilfully or with negligence," which the statute makes a necessary element to render one guilty of a violation thereof. One could no more be guilty of violating the statute denouncing assault with a motor vehicle without a finding that the acts on the part of the accused were done either wilfully or with negligence than one could be guilty of possessing beer without a finding that the bottles possessed contained beer.

This case is on all fours with the Garza case. Yet my brethren refuse to follow the Garza case.

The defeat in the instant charge is fundamental. That appellant was injured thereby can hardly be doubted.

Regardless of the defect in the charge, there is another error in this case which requires a reversal of the conviction: *The facts do not establish appellant's guilt.*

It looks to me, and I confidently assert, that the state has tried and convicted the wrong man. It was the automobile driven by the police officer that struck the automobile driven by the appellant which caused the latter automobile to collide with and injure the prosecuting witness. If the automobile driven by the police officer had not struck the automobile driven by the appellant, the prosecuting witness would not have been injured, nor would there have been any collision. It was the operation of the automobile by the police officer and the rate of speed at which he was operating it at the time which caused the collision and the injury to the injured party.

Of course the police officer testified that the automobile driven by appellant cut in front of the one driven by him, but we have said so many times that contributory negligence is no defense to crime that it ought not to be necessary to repeat it, here.

By saying that the appellant was guilty of contributory negligence the police officer can not be excused for his own negligent acts which brought about the collision.

In this connection, I call attention to the case of Rowell v. State, 165 Texas Cr. Rep. 507, 308 S.W. 2d 504, not yet a year old. My brethren held there that one who drove his automobile at a rate of speed of seventy miles per hour and ran into and collided with another automobile, when it pulled away from the curb and into the path of the oncoming car driven by the accused, was guilty of an assault with a motor vehicle.

Under that authority, the police officer in the instant case was the person guilty of assault with a motor vehicle; it was not this appellant.

Here, the police officer admittedly drove his automobile at the rate of speed of 120 miles per hour in order to give a traffic ticket to the runner of a red light.

Certainly the police officer had the right to pursue appellant, as a traffic violator, for the purpose of giving him a traffic ticket, but in the exercise of this right he had no right to drive his auomobile along and over a residential thoroughfare of the city of Houston in such a manner and at such a high and dangerous speed as to endanger and disregard the rights and lives of others, as is evidenced by the injury received by the injured party in this case.

In this connection I am reminded of the words of the late Mr. Justice Holmes, of the Supreme Court of the United States, in Schenck v. U.S., 249 U.S. 47-52, 63 L. Ed. 470-474, where, in speaking of the individual right of free speech, he said:

"The most stringent protection of free speech would not protect a man in falsely shouting fire in a theater, and causing a panic."

By that same process of reasoning, the right to pursue the appellant, here, for the purpose of giving him a traffic ticket would not give the peace officer the right to drive his automobile at a rate of speed of 120 miles per hour in a residential section of a metropolitan city of this state, since all the time he was charged with knowing that at such a dangerous rate of speed anything could happen.

The police officer can not be excused and ought to be held accountable for this collision and the resulting injury to the prosecuting witness.

Suppose that instead of running into the fleeing car with the car he was driving the police officer had fired his pistol at the automobile and the shot had struck the injured party, would the driver of the automobile at which the officer fired be guilty of shooting the injured party? Under the holding of my brethren in this case, he would be.

Appellant may be guilty of wrong-doing but he is not guilty of committing an aggravated assault upon the injured party by driving his automobile into and causing it to collide with the injured party, as charged in the information and for which he stands convicted and goes to jail for a year.

I can not agree to the affirmance of this case, and I therefore dissent.