Charles Ray **OVERTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40607.

Court of Criminal Appeals of Texas.

Oct. 18, 1967.

Jones, Blakeslee, Minton, Burton & Fitzgerald, by Roy Q. Minton, Austin, for appellant.

Thomas D. Blackwell, Dist. Atty., Robert A. Huttash, Asst. Dist. Atty., and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is burglary with the punishment enhanced by two prior felony convictions; the punishment, life.

In this case the trial court refused to allow the appellant to call his co-defendant, Jesse Gonzales, as a witness in his own behalf over the state's objection that he was a co-principal who had been indicted of the same offense for which the appellant was on trial, and that his testimony was not admissible in evidence under the provisions of Art. 82 P.C. (since repealed). To such refusal the appellant timely and properly reserved his exception.

In Washington v. State, Tex.Cr.App., 400 S.W.2d 756, which was affirmed by this court, the trial court sustained the objection of the state to the calling of Fuller, a co-principal, who had been convicted of the murder for which Washington was on trial.

The United States Supreme Court reversed the judgment of this court affirming the Washington conviction (388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019) holding that he

"* * * was denied his right to have compulsory process for obtaining witnesses in his favor because the State arbitrarily denied him the right to put on the stand a witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material to the defense."

The holding of the Supreme Court of the United States in Washington is applicable and controls the disposition of this case and requires that the conviction be reversed.

In the event of another trial, we express the view that the venue should be changed.

The judgment is reversed and the cause is remanded.