Johnny JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42618.

Court of Criminal Appeals of Texas.

April 8, 1970.

Rehearing Denied May 27, 1970.

Paul W. Anderson, Marshall, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is murder with malice; the punishment assessed by the court following a verdict of guilty, 60 years.

Appellant's previous conviction was reversed by this court. Jackson v. State, 419 S.W.2d 371. Appellant's earlier appeal from this second conviction was abated. Jackson v. State, Tex.Cr.App., 447 S.W.2d 922.

■ Initially, appellant contends the court erred in failing to set aside the indictment on the ground that he was denied a speedy trial. The second indictment was returned on November 19, 1968, and appellant's trial, resulting in the conviction from which he now appeals, commenced on February 24, 1969. No request for a speedy trial appears in the record. In absence of a showing that the appellant requested a speedy trial, no error is reflected in the court's action in denying the said motion to set aside the indictment returned on November 19, 1968.[1] Johnson v. State, Tex.Cr.App., 453 S.W.2d 828; Ex parte Jones, Tex.Cr.App., 449 S.W.2d 59.

Ground of error # 1 is overruled.

■ Next, appellant complains of the fact that the foreman of the grand jury who returned the first indictment against him on May 16, 1966, and the foreman of the grand jury who re-indicted him on November 19, 1968, were one and the same individual. He contends the court erred in failing to quash the indictment for this reason. He cites no authority and we know of none which would render a former grand juror legally incapable from serving on a subsequent grand jury two years and four intervening grand juries later, where otherwise qualified. See Article 19.08, Vernon's Ann.C.C.P., as to qualifications of grand jurors.[2] Further the court is permitted to appoint any member of a duly empaneled grand jury foreman thereof. See Articles 19.34 and 19.39, V.A.C.C.P.

1. Appellant's complaint seems to stem from the fact that after the reversal of his first conviction on October 18, 1967, he remained incarcerated for 13 months before he was re-indicted.

2. It is noted that Article 19.01, Sec. 5, V.A.C.C.P., provides that the same person "shall not act as jury commissioner more than once in the same year."

Ground of error # 2 is overruled.

In his third ground of error appellant contends the court erred in permitting a deputy sheriff to testify that the wound to the throat of the deceased was such as to cause death. The deputy, who had over 10 years' experience in law enforcement and had served in military and had seen many wounds, related he saw the body of the deceased at the cafe where the shooting took place.

The following question and answer was asked and given over objection:

"Q. I will ask you if the wound you observed in Oretha Spearman's (the deceased) throat was of such a nature as to cause death?

"A. Yes, to my belief, it was."

■ Appellant contends the evidence is insufficient to reflect "why the deputy sheriff thought the wound was of such nature to cause death." He relies upon Fisher v. State, 100 Tex.Cr.R. 205, 272 S.W. 465. There a sheriff and another peace officer were held sufficiently qualified to testify that the deceased was killed by a bullet entering the deceased's back. We think Fisher supports the admission of the deputy's testimony in the case at bar. See also Roe v. State, 55 Tex.Cr.R. 128, 115 S.W. 593; Welch v. State, 57 Tex.Cr.R. 111, 122 S.W. 880; 11A Tex.Digest Criminal Law ⊜478(1).

Further, we observe that a number of eye witnesses testified without objection that the deceased was alive and well and had been dancing just prior to the shooting; that she was shot in the throat or neck by the appellant, took three or four steps and fell dead on the floor of the cafe. Subsequently, the appellant introduced the death certificate which reflects "Death due to gunshot wounds in neck."

Ground of error # 3 is overruled.

"It is proper to show that the defendant fled from the scene of the crime, con-cealed himself, or did any act or thing so as to avoid arrest, effect an escape, or, by his absence, to prevent his case from coming to trial." 4 Branch's Anno.P.C., 2nd ed., Sec. 2235, p. 590. See also 29 Tex.Jur.2d, Homicide, Sec. 220, p. 379.

■ The trial court did not err as appellant contends in admitting testimony as to appellant's escape from jail following his confinement as a result of the alleged charge and his subsequent apprehension in and return from the State of Louisiana. In Thames v. State, 453 S.W.2d 495, this court only recently said:

"In Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340, this Court held that escape, flight and attempts to escape are always admissible as evidence of guilt.

\* \* \* \* \* \*

"The fact that the circumstances of flight show the commission of another crime does not render the evidence inadmissible. Cox v. State, 170 Tex.Cr.R. 128, 338 S.W.2d 711. See Enriquez v. State, Tex.Cr.App., 429 S.W.2d 141; Ellisor v. State, 162 Tex.Cr.R. 117, 282 S.W.2d 393, and Isaac v. State, Tex.Cr. App., 421 S.W.2d 661."

Ground of error # 4 is overruled.

For the same reasons set out above, the trial court did not err in overruling appellant's motion to restrict the prosecution from referring, directly or indirectly, to the appellant's escape from jail.

Ground of error # 5 is overruled.

In his sixth ground of error appellant urges the trial court erred in failing to declare a mistrial after the prosecutor made reference to the defendant's failure to testify.

The prosecutor argued, while discussing the charge on self defense, as follows:

"Now, there is not one word of testimony in here that there was any reason, any basic reason for Johnny Jackson to fear

**736**

Ennis Williams. None whatsoever. No testimony that Ennis Williams did anything to him. None whatsoever. Every single soul. There is not even any testimony in here of Ennis Williams talking to Johnny Jackson that night. Now, there were some twelve or fifteen people there—the record conflicts on exactly how many were there—don't you know if there had been any cross words between Johnny Jackson and Ennis Williams, or Johnny Jackson and anyone else, don't you know we would have heard from them? There was no testimony * * *"

An objection was then interposed.

In Ramos v. State, 419 S.W.2d 359, this court said at p. 367:

"The well-settled rule in Texas for many years has been that '[f]or the argument to offend against the statute, Article 38.08, V.A.C.C.P. [old Art. 710], prohibiting allusion to or comment upon the failure of a defendant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto.' Richardson v. State, 172 Tex. Cr.R. 299, 356 S.W.2d 676 (1962); Johnson v. State, 167 Tex.Cr.R. 598, 322 S.W. 2d 540 (1959); Potts v. State, 167 Tex. Cr.R. 240, 319 S.W.2d 304 (1958); Hart v. State, 163 Tex.Cr.R. 472, 293 S.W.2d 659 (1956)."

In applying such test we cannot conclude that error is reflected. It appears that the prosecutor had reference to the twelve or fifteen persons when he referred to "them"·rather than the appellant and Williams.

. Ground of error # 6 is overruled.

In his last ground of error appellant contends the trial court "erred in failing to permit the appellant to pre-trial bail in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States." See also Article I, Sec. 11, Texas Constitution, Vernon's Ann.St.

Appellant relies upon the rule discussed in Ex parte Paul, Tex.Cr.App., 420 S.W.2d 956, an appeal from a habeas corpus proceeding where the petitioner had been denied bail after indictment.

 There is an absence of any evidence that the appellant sought bail before or subsequent to the return of the second indictment upon which he was convicted, hence there was no denial. Certainly no error is presented. The fact that appellant was granted or denied pre-trial bail is not, standing alone, ground for reversal of a conviction.

Ground of error # 7 is overruled.

The judgment is affirmed.