**Larry EURINE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43418.**

Court of Criminal Appeals of Texas.

Feb. 10, 1971.

Holcomb & Norwood, Tyler, for appellant.

Hunter B. Brush, Crim. Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary of a private residence at night with intent to commit rape; the punishment, ten (10) years.

■ Appellant's first ground of error is that when the appellant's confession was read to the jury, it contained the recitation of an extraneous offense. Appellant complains about the first paragraph of the following portion of his confession:[1]

"I know a man by the name of Henry Clay. I have been knowing him for about 8 to 12 months. He is older than I am. He is about 19 or 20. I owed Henry 11 or 12 dollars. He told me that he was going to tell the police that I had been smoking marijuana if I didn't help him. I told him, OK, that I'd help him.

"On Friday night, August 2, 1968, we went up to this house on East Erwin. It was a one story, white house on the North side of the street. Henry told me

---

1. It should be noted that a full hearing was had on the voluntariness of the confession. At that time, detailed accounts of two other offenses similar to that in that case at bar were omitted from the confession which was introduced into evidence before the jury.

to pull off my shoes and I did. I had a piece of glass and Henry showed me how to cut the screen so that I could unlatch the door. I pulled the screen door open. I went on up the hall. It's kind of long. There was a woman on this bed and there was a woman on the floor. I tried to get up on top of this woman but she went to hollering. She was laying on her side. I put my hands kind of on her shoulder and started to get in the bed. When she went to screaming, I tried to leave, but I tripped over the woman that was lying on the floor. The woman who had been in the bed started hollering and got up and turned on the lights."

At the conclusion of the reading thereof to the jury, counsel moved for a mistrial, which was not granted, but the court instructed the jury not to consider that portion of the confession which recited that Henry Clay was going to tell the police certain things.

We must first determine whether this was a recitation of an extraneous offense or merely a resume of what the appellant's co-defendant had told him in order to induce him to accompany him. There is no statement that the appellant had been smoking marihuana. Had the objection been interposed before the confession was read to the jury, the court might have had the portion complained of deleted. He acted promptly and told the jury not to consider the same when it was called to his attention.

Garcia v. State, 165 Tex.Cr.R. 134, 305 S.W.2d 605 and Bennett v. State, Tex.Cr. App., 422 S.W.2d 438, relied upon by the appellant, are clearly distinguishable from what we have before us here. In Bennett, supra, a separate and distinct burglary of another place of business was shown in making out the case. In Garcia, supra, the purported statement of the appellant confessed that she had engaged in shoplifting for some ten years, had stolen clothes from a number of stores in Corpus Christi, and,

on occasions not described, had stolen clothes from stores in Kingsville. We have concluded that no reversible error is reflected by what occurred here.

■ Appellant's second ground of error is that the prosecutor commented upon the defendant's failure to testify when he made the following argument:

"Then we find that the Defendant is joined with Margie Dear and Mary Sharp and Glenn Walker in testifying as to who was the person who was there at Margie Dear's—who broke into Margie Dear's? The defendant Larry Eurine testifies himself in the Confession labeled * * *"

Upon appellant's objection to this argument, the prosecutor clarified his argument by stating, in the presence of the jury, "He testified against himself in the Statements in State's Exhibit #7, [appellant's confession] he said it was I—"

In light of the prosecutor's clarification, we do not construe the above as an indirect allusion to the defendant's failure to testify. It would appear that it is more of a reference to the evidence which had been properly admitted before the jury. Appellant did not testify before the jury, but his confession was introduced into evidence. We have concluded that Lankford v. State, 156 Tex.Cr.R. 113, 239 S.W.2d 394, 395, relied upon by the appellant, is not applicable or controlling here. In that case, the defendant did not testify and counsel argued:

"But the audacity of a man that will come up and admit all of the facts that prove him guilty and stand up in court and plead not guilty to the charge. Fantastic! If I had done it, if I had done it, I would come up here and say: 'Yes, I did it. I did it. But I did not think I was doing anything wrong. Have mercy on me.' That is what I would do."

Brumbelow v. State, 122 Tex.Cr.R. 198, 54 S.W.2d 528, 529, also cited by the appel-

lant, was reversed because the accused in that case had not testified and the prosecutor said, "I am not talking about defendant's failure to take the witness stand and tell you where he got the money, but his failure to produce witnesses to tell you where he got it." The Court held that this clearly constituted an allusion to defendant's failure to testify. Harper v. State, 133 Tex.Cr.R. 255, 110 S.W.2d 67, also relied upon by the appellant, contained a recitation by the prosecutor, "The defendant has not denied—." This Court held this to be a direct reference to the appellant's failure to testify. These are distinguishable from the case at bar.

Finding no reversible error, the judgment is affirmed.