Elvin FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 44655.

Court of Criminal Appeals of Texas.

March 8, 1972.

———◆———

James H. Kreimeyer, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Wanda E. Creamer, Asst. Dist. Atty., El Paso,

before the jury how long a person has been in jail. Garcia v. Beto, 452 F.2d 655 (5th Cir. 1971).

and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the sale of marihuana; the punishment, ten years imprisonment.

The sole ground of error urged by the appellant is that counsel representing the State in jury argument commented on the failure of the defendant to testify.

The appellant did not testify and he made no statement that was introduced into evidence.

The State's case showing the sale of marihuana was based upon the testimony of one narcotics undercover agent. The appellant, prior to trial, was granted the right and did take the deposition of the State's witness, the narcotics undercover agent.

The appellant offered in defense the testimony of two men who were in the military service. One of the defense witnesses testified he was present at the transaction in which the narcotics agent said the sale took place. The defense witness's testimony was that no sale took place. He testified to matters rebutting the testimony of the undercover agent. It was also shown that this defense witness had had an opportunity three days prior to trial to read the narcotics officer's deposition.

The "rule" had been invoked during the trial and the witnesses were not to hear or be told what the testimony of other witnesses had been.

The prosecutor argued that the jury, in considering the testimony and in determining the credibility of the witnesses and the weight to be given their testimony should consider these circumstances.

The argument complained about in some of the context in which it was made is as follows:

"We're talking about recollection way back on February 6 to today. He had an opportunity to know exactly what Agent Miller was going to testify to.

"The rule was invoked. That means that no witness can be present in the Courtroom while another witness is testifying precisely to avoid the listening of testimony and then coming back and trying to fit your own testimony and contradict that testimony once you've heard it. That's one of the reasons why we invoke the rule. However, a Defendant here in the State of Texas has right that's called a 'right to depose a witness from the State.' The State cannot depose the Defendant. So there was no way, no way that the State of Texas can find out prior to the date of the trial what a Defendant may or may not testify to.

"MR. KREIMEYER: Excuse me, Your Honor, I'm going to object. I believe this is a comment on the Defendant's absence and right to remain silent. For that reason I'll object to it and that line of argument whether the Defendant can be deposed or not.

"THE COURT: Overruled, sir.

"MR. MARQUEZ: Thank you, Your Honor, However, the Defendant has the right to move for a deposition and find out exactly what the State's witness is going to testify to way ahead of time that we go to trial. And this was done in this case last week. They moved for a deposition and Mr. Ford came down, Mr. Kreimeyer came down, Agent Miller was brought all the way from Lubbock to be here at four o'clock, and he rushed in here from Lubbock into El Paso and took the stand without even reviewing his report that he had made in the arrest of this case, took the stand and with the Defendant present went ahead and took the testimony entirely and exactly as it was given to you today here in person. And what happened Saturday? By Saturday the deposition is typed up and lo-

and-behold who gets a chance to find out exactly what Miller will testify to today? Brent. . . ."

Skillful counsel representing the appellant made a prompt and proper objection to the argument. The court's ruling was unfavorable to him. If the argument was error, it is preserved for review.

■ Article 38.08, Vernon's Ann.C.C.P. prohibits comment on an accused's right to remain silent and his failure to testify. The Fifth Amendment to the Constitution of the United States and Article I., Sec. 10 of the Constitution, Vernon's Ann.St. of this State prohibit comment on a defendant's failure to testify or right to remain silent.

In Ramos v. State, 419 S.W.2d 359 (Tex.Cr.App.1967), there is an extended discussion and application of the law which we must here consider. In that case the prosecutor argued:

" 'Was he making any sense in his statements? He talked like a drunk. He was saying things that didn't make sense, something here and something there. Did any of the witnesses ever change their mind that he was intoxicated. No, they didn't. *Under our laws after a man is arrested he cannot be compelled to give evidence against himself. He doesn't have to take the stand. It's in the charge.* * * '

"Appellant then interrupted the prosecutor's argument with an objection and moved for a mistrial; the trial judge overruled both."

It was then stated:

"The well-settled rule in Texas for many years has been that '[f]or the argument [to] offend against the statute, Article 38.08 V.A.C.C.P. [old Art. 710], prohibiting allusion to or comment upon the failure of a defendant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto.' Richardson v. State, 172 Tex. Cr.R. 299, 356 S.W.2d 676 (1962); Johnson v. State, 167 Tex.Cr.R. 598, 322 S. W.2d 540 (1959); Potts v. State, 167 Tex.Cr.R. 240, 319 S.W.2d 304 (1958); Hart v. State, 163 Tex.Cr.R. 472, 293 S. W.2d 659 (1956).

"This standard is similar to the test adopted by many of our Federal Courts. . . ."

■ In Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Supreme Court of the United States held the Fifth Amendment prohibits comment on a defendant's silence. However, in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and Fontaine v. California, 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154 (1968), it was held that such comment would not require reversal of a conviction if it could be found that such comment was harmless beyond a reasonable doubt. Considering all of the evidence in view of Ramos v. State, *supra,* and the United States Supreme Court cases cited, we construe the argument in the case at bar to be harmless error. See also Jackson v. State, 454 S.W.2d 733 (Tex.Cr. App.1970) and Waddle v. State, 448 S.W. 2d 472 (Tex.Cr.App.1970).

The judgment in this record recites that the appellant entered a plea of guilty before the court and waived certain constitutional rights. The record reflects that the appellant entered a plea of not guilty before a jury. It appears a "plea of guilty" judgment form rather than a "plea of not guilty" judgment form was used. The judgment is reformed to make it consistent with the record to show the appellant pleaded not guilty before a jury.

There being no reversible error, the judgment, as reformed, is affirmed.

Opinion approved by the Court.