Gentry Lee HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 109–84.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 19, 1984.

Bob D. Odom, court appointed, Temple, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

THOMAS G. DAVIS, Judge.

After a jury found appellant guilty of theft from the person of another the trial court found the allegation in an enhancement paragraph true and assessed punishment at fifteen years. The Ninth Court of Appeals (Beaumont) reversed the conviction. *Harris v. State* (No. 09–83–094 CR, delivered December 14, 1983). We granted the State's petition for discretionary review to examine the Court of Appeals' holding

that the prosecutor's argument improperly commented on the appellant's failure to testify, in violation of Art. 38.08, V.A.C.C.P.

The evidence showed that appellant stole several dollars from the trouser pocket of a 79-year-old man. Shortly afterward, appellant was arrested. The trial court permitted the arresting officer to testify, over objection, that appellant stated at the scene of the arrest that he would give the man his money back. The officer also testified that later, at the police station, appellant stated twice more that he would give the money back.

During her opening argument to the jury at the guilt stage, the prosecutor spoke as follows:

"MRS. OTTO [Prosecutor]: ...

"Now, I have testimony of the officer who came in yesterday. Alright, and I ask you to recall what he said when he stopped the suspect and informed him of the stop. Regardless of what had happened, I ask you to remember the words which this man told the officer when the officer stopped him as a possible suspect. He was warned of his rights and on his own volition he voluntarily said, not once but twice, I'll give the old man his money back. Why would he have said that statement unless he had done it? I ask you all to consider not once but twice he said this statement. He said, I'll give the old man his money back, why would he have said that statement? I ask you also to recall the testimony of this man—not the testimony but the words that came out of this man's own—

"MR. ODOM [Defense counsel]: Your Honor, I'm going to object to the comment on the failure of the witness—of the defendant to take the stand.

"THE COURT: Sustain the objection.

"MR. ODOM: We'd request an instruction to disregard and move for a mistrial.

"THE COURT: Ladies and gentlemen of the jury, you will disregard the prosecu-

tor's statement and her argument about the testimony of this man and not consider it for any purpose.

"MR. ODOM: We move for mistrial, Your Honor.

"THE COURT: Overruled.

"MRS. OTTO: I ask you to consider the testimony of the police officer who stated that the defendant told him in the booking room, voluntarily, without any question on the part of the police officer, he voluntarily again said, I'll give the old man his money back ...."

Appellant's trial counsel made a bill of exceptions by testifying that when the prosecutor asked the jury "to remember the testimony of this man," she was pointing at appellant. The prosecutor then took the stand and testified that she had "inadvertently used the word [testimony]," and had "in the same breath ... corrected [her] statement as to the word testimony."

Art. 38.08, V.A.C.C.P., provides as follows:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." [1]

■■■■ Because appellant did not testify at his trial, the statute prohibits allusion to or comment on that fact by counsel. The general test for determining whether counsel's words violate the statute is often expressed as follows:

"The language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the accused's failure to testify must be a necessary one. It is not sufficient that language might be construed as an implied or indirect allusion thereto."

*Nickens v. State,* 604 S.W.2d 101 (Tex.Cr. App.1980) (opinion on State's motion for

1. Art. 710 of the 1925 Code of Criminal Procedure contained the provision in identical language.

rehearing); *Lewis v. State,* 155 Tex.Cr.R. 514, 236 S.W.2d 812 (1951).

The Court of Appeals in the instant case set out the test and then reasoned as follows:

"In the case at bar, the prosecutor's action in pointing to the accused is a strong factor in determining whether the jury would naturally take the argument as a comment on the failure of [appellant] to testify. Hicks v. State, 525 S.W.2d 177, 180 (Tex.Cr.App.1975). This action by the prosecutor with her request for the jury to consider appellant's testimony when there was none, we think, was error and violates [Article 38.08, supra]."

The court went on to find that the trial court's instruction to the jury did not cure the error, and reversed the conviction.

The *Hicks* decision has no application to the instant case. In *Hicks,* the prosecutor stated in his argument, "But there is somebody that we haven't heard from in this case. And I think you all know who it is." At that point defense counsel objected, and said:

"... let the record reflect that he stood right behind the defendant, raised his voice, at that time, and ... said, 'We haven't heard from somebody in this court.' At that time, [the prosecutor] looked down at the defendant in such that by his actions and inferences and comments made, was a comment on not testifying by the defendant."

In *Hicks,* the prosecutor's words were plainly a direct reference to someone's failure to testify. The issue came down to whether this Court, in deciding whether the reference was to defendant, could take into account defense counsel's description of the prosecutor's physical actions. The Court found that it could take the description into account, and decided that the prosecutor's argument and physical actions constituted a clear violation of Art. 38.08.

■ In the instant case, by contrast, it is plain and undisputed that the prosecutor was referring to appellant throughout the portion of the argument we have quoted above. The prosecutor's action in pointing at appellant is not a "strong factor" in deciding the issue in this case; that is, whether the phrasing of the argument alluded to or commented on appellant's failure to testify.

The Court of Appeals characterized the phrase at issue as a "request for the jury to consider appellant's testimony when there was none." Yet the context shows that the prosecutor was reminding the jury of appellant's statements to the arresting officer to the effect that appellant would give the man his money back. When she asked the jury to recall "the testimony of this man," the prosecutor caught herself in mid-sentence and said, "not the testimony but the words, ..." Did the use of the word "testimony" in this context constitute an allusion to or comment on appellant's failure to testify?

*Phillips v. State,* 139 Tex.Cr.R. 574, 141 S.W.2d 371 (1940) was a prosecution for rape. The complaining witness testified that, after one of his acts of sexual assault upon her, "[defendant] said, I might just as well get used to that, because that's the way he made his living, like that." The trial court admitted the testimony under a theory of res gestae. We quote from this Court's opinion:

"Bill of exception 13 also relates to argument of counsel for the state. It is shown in such bill that counsel employed the following language: 'What you do (referring to the jury), that's your responsibility. We have put the facts up to you; you are men who say that you are men of courage, say that you can do it, and I submit to you gentlemen under the facts in this case, the defendant's testimony, "that is how I make my living, you will have to learn to like it"—under that testimony, and if you believe it is the truth, you are bound under your oath to return a verdict of guilty, and assess the maximum penalty. I submit it to you.' [Defendant's] counsel objected to the argument on the ground, among others, that it constituted a reference to the failure on the part of [defendant] to take the stand and testify. We are unable to

perceive any reference in the remarks to the failure of the [defendant] to testify."

*Williams v. State,* 169 Tex.Cr.R. 370, 333 S.W.2d 846 (1960) was a prosecution for murder. The Court wrote:

"[Defendant] urges error because the state's attorney in his argument to the jury said: 'that the defendant testified in his statement' which was a direct reference to the [defendant's] failure to testify.

"The [defendant] did not testify, but the state introduced his written statement consisting of two and one half single spaced pages in evidence which shows the details of the facts and circumstances surrounding the killing.

"The argument shows that the state's attorney was referring to the facts and circumstances related in [defendant's] written statement that had been introduced in evidence. No error is presented."

*Eurine v. State,* 463 S.W.2d 2 (Tex.Cr. App.1971) was a prosecution for burglary. The Court reasoned as follows:

"[Defendant's] second ground of error is that the prosecutor commented upon the defendant's failure to testify when he made the following argument:

" 'Then we find that the Defendant is joined with Margie Dear and Mary Sharp and Glenn Walker in testifying as to who was the person who was there at Margie Dear's—who broke into Margie Dear's? The defendant Larry Eurine testifies himself in the Confession labeled * * *'

"Upon [defendant's] objection to this argument, the prosecutor clarified his argument by stating, in the presence of the jury, 'He testified against himself in the Statements in State's Exhibit $ 7 [defendant's confession] he said it was I—'

"In light of the prosecutor's clarification, we do not construe the above as an indirect allusion to the defendant's failure to testify. It would appear that it is more of a reference to the evidence which had been properly admitted before the jury. [Defendant] did not testify before the jury, but his confession was introduced into evidence . . . ."

In *Phillips, Williams,* and *Eurine,* the defendant's words were before the jury as evidence. The prosecutors referred to that evidence, incorrectly, in phrases such as "defendant's testimony" or "defendant testified." Yet the wrong usage of the term "testimony" did not warrant reversal. The "implication that the language used had reference to the accused's failure to testify" was not a necessary one. See *Nickens,* supra, and *Lewis,* supra. From the standpoint of the jury, the reference was explicitly to the defendant's words in evidence. In *Phillips,* the prosecutor quoted the defendant's words as the complaining witness had related them in her testimony. In *Williams* and *Eurine,* the express reference was to defendant's written statement that had been introduced in evidence.

In the instant case, the prosecutor sought to remind the jury of appellant's statements to a police officer at the scene of the arrest and at the police station. She stated to the jury: "I ask you also to recall the testimony of this man—not the testimony but the words that came out of this man's own . . . ." Thus from the standpoint of the jury the prosecutor's reference was made expressly to the defendant's words as the police officer had related them in his testimony.

■ We find that the prosecutor's argument did not violate Art. 38.08, supra. *Phillips v. State,* supra; *Williams v. State,* supra; *Eurine v. State,* supra; cf. *Potts v. State,* 167 Tex.Cr.R. 240, 319 S.W.2d 304 (1958); see also *Antwine v. State,* 572 S.W.2d 541 (1978); *Seibert v. State,* 167 Tex.Cr.R. 182, 319 S.W.2d 335 (Tex.Cr.App.1959).

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for consideration of appellant's other grounds of error.

CLINTON, Judge, dissenting.

Trial counsel for appellant heard the words and observed the movements of the

prosecutor as she argued, "I ask you *also* to recall the testimony of this man—not the testimony but the words that came out of this man's own—." [1] His immediate reaction was to object "to the comment on the failure of the ... defendant to take the stand." The trial judge also heard and presumably observed the prosecutor; he promptly sustained the objection. Moreover, for good measure, he instructed the jury to "disregard the prosecutor's *statement* and her *argument* about the *testimony* of this man ..."

Reading the transcription of notes of the court reporter and considering the same statement and argument, three judges of the court of appeals concluded:

> "[T]he prosecutor's action in pointing to the accused is a strong factor in determining whether the *jury* would naturally take the argument as a comment on the failure of defendant to testify. [Citation omitted]. This action by the prosecutor with her request for the jury to consider appellant's testimony when there was none, we think, was error ..."

*Harris v. State* (Tex.Cr.App., No. 09–83–094, delivered December 14, 1983.)

Now members of this Court, disregarding impressions clearly felt and acted on by a trial lawyer and an experienced trial judge, as well as careful reasoning of three appellate judges, say that "from the standpoint of the jury the prosecutor's reference was made expressly to the defendant's words as the police officer had related them in his testimony." Naivete aside, they simply accept that which all others implicated in evaluating the matter have rejected—excepting of course the prosecution.

Today, there is no suggestion that "with only a 'cold' record before us," this Court gives "due deference" to the determination of the trial judge "who is present to hear the tone of voice and observe the demeanor" of the prosecutor as she moved and spoke. Compare *Hernandez v. State*, 643 S.W.2d 397, 406 (Tex.Cr.App.1981) ("interpretation of the jury voir dire"). Indeed, to the contrary, there is no deference whatsoever to his interpretation of her conduct.

Nor is any deference given to the reasoning of the court of appeals. Rather, the majority denigrates it. By glossing over the obvious interpretation of her *entire conduct* made by the trial judge and then by focusing only on "use of the word 'testimony'" in a restated "context," the majority manages to substitute its judgement for that of the court of appeals.

Today, a majority demonstrates once again a determination to recast this Court in its former role of deciding grounds of error on direct appeal. Adhering to my understanding of its new role as reviewing court, I respectfully dissent.

---

1. All emphasis is supplied by the writer of this opinion unless otherwise indicated.