BENTLEY GREEN v. THE STATE.

No. 14284. Delivered December 23, 1931.

The original opinion was withdrawn and the opinion on motion for rehearing is, therefore, only published.

*Sanders & McLeroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for two years.

Possessed of a search warrant, officers searched the house and premises of the accused and discovered a quantity of whisky, some of which was in his house and some in various places on his premises, also a number of cases of pint bottles and other criminative evidence. The appellant and his brother were in the house at the time the raid was made. Neither of them testified on the trial; in fact, no evidence was introduced on behalf of the accused.

The court instructed the jury on the provisions of article 671, P. C., in which the declaration is made that the possession of more than a quart of intoxicating liquor shall be prima facie evidence that the liquor was possessed for sale.

In connection with the charge touching prima facie evidence, the court gave instructions to the jury in accord with the approved interpretation of article 671, supra, as in Newton v. State, 98 Texas Crim. Rep., 582, 267 S. W., 272, and Stoneman v. State, 99 Texas Crim. Rep., 54, 268 S. W., 156, in substantial harmony with the statement in Floeck's case, 34 Texas Crim. Rep., 319, 30 S. W., 794, 796, as follows: "Making out a prima facie case does not change the burden of proof. This is only the result of that amount of evidence which is sufficient to counterbalance the general presumption of innocence, and warrant a conviction, if the fact so established be not encountered and controlled by other evidence tending to modify its effect, or so to explain it as to render the statutory inference from it too uncertain and improbable to be relied upon."

In his argument to the jury, counsel for the state read the part of the

charge pertaining to prima facie evidence and commented as follows: "If Bentley Green had a quart of intoxicating liquor in his possession, it was up to him to show it was not for the purpose of sale."

Exception was reserved on the ground that the remark was an allusion to or comment upon the appellant's failure to testify in his own behalf and therefore was in violation of article 710, C. C. P., 1925, which declares: "* * * the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

The fact that the allusion or comment was put in indirect language does not obviate the harm. See Miller v. State, 45 Texas Crim. Rep., 517, 78 S. W., 511; Brazell v. State, 33 Texas Crim. Rep., 334, 26 S. W., 723; Branch's Ann. Tex. P. C., sec. 374; Boone v. State, 90 Texas Crim. Rep., 374, 235 S. W., 580.

From the bill of exception the following were certified by the trial judge as facts, namely: "That the appellant did not testify and did not introduce any testimony; that at the time the intoxicating liquor was alleged to have been found in the residence of the appellant there was no person other than the defendant having any knowledge of whether there was intoxicating liquor in the residence, and the appellant was the only person who knew whether the same, if possessed, was for the purpose of sale. The argument quoted, being the opening argument and not in response to an argument of any kind, was *improper and prejudicial*". At the time the original opinion was prepared, the exact purport of bill of exception No. 2 was not fully comprehended. Particularly is this true of that part in which it is certified that the remarks were *improper and prejudicial*. In view of the record and the bill of exception as now understood, the conviction cannot be upheld. In instances in which the averments in the bill of exception are such as to show a material transgression of the rights of the accused or approved by the trial judge without qualification, this court has considered that duty demanded that the averments be accepted as true. See Roberts v. State, 115 Texas Crim. Rep., 431, 27 S. W. (2d) 159; McKee v. State, 116 Texas Crim. Rep., 232, 34 S. W. (2d) 592; Miller v. State, 117 Texas Crim. Rep., 247, 36 S. W. (2d) 158. We will add, however, that aside from the recitals in the bill mentioned and the principles stated in the cases just cited, we are, on reflection, of the opinion that the remarks mentioned were prejudicial to a degree requiring a reversal of the conviction. In the light of the bills of exception and the record, the remarks of counsel are deemed amenable to the criticism that they indirectly refer to the failure of the accused to testify and deny that he possessed the liquor or that he possessed it for the purpose of sale. Viewed in that light, the argument in question was violative of article 710, C. C. P., forbidding comment in argument upon the failure of the accused to testify in his own behalf.

The terms of the bill of exception affirmatively stating that there was no one present by whom the appellant could prove that he did not possess liquor or that he did not possess it for the purpose of sale makes evident that the jury was authorized to conclude that the failure of the accused to testify in his own behalf was a circumstance which they might consider against him.

The only objection addressed to the remarks of counsel was that which has been discussed, namely, that it was an indirect reference to his failure to testify. It is conceived that there might have been other grounds upon which complaint of the argument might have been founded, but in the light of the record, no reference to such other supposed grounds in this opinion is deemed necessary or proper.

For the reason stated, the affirmance is set aside, the original opinion is withdrawn, the appellant's motion for rehearing is granted, and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*