ELSIE MAE LEE v. STATE

No. 27,796. January 11, 1956.

State's Motion for Rehearing Denied (Without Written Opinion) February 22, 1956.

*Burt Barr, James H. Martin* and *Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Fred Bruner, Harvey Lindsay, Jerry Shivers, George P. Blackburn, Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Leon · Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder with malice; the punishment, 15 years in the penitentiary.

The state's testimony shows that appellant and the deceased were married on November 22, 1952, and that soon thereafter he began practicing the profession of dentistry in Dallas.

It was shown that appellant had threatened six or seven times to kill the deceased; that appellant had purchased a .22 automatic pistol on May 1, 1953; and that a gun was seen in appellant's purse on one of her visits to the deceased's office.

Police Officer Evans responded to a call received at 1:42 A.M., Novmber 8, 1954, by going to appellant's residence, and appellant came to the door. He testified that appellant told him that her husband had been shot, but after he asked what happened she did not give him any other information except that her name was Elsie and that her mother was coming to Dallas; and that as he entered the house he saw the deceased's body on th floor.

The testimony shows that appellant, the deceased, and their small child were all the persons present at the time of the shooting.

In view of our disposition of this case, a further statement of the facts will be omitted.

By Bill of Exception No. 2, appellant complains of the following argument to the jury by the attorney for the state:

"What are you hiding Martin? What are you hiding Barr? If it was an accident? Why didn't you tell the officers out yonder on November 8th, 1954, it was an accident? And it would have stopped all this trouble here."

Appellant objected to such argument on the ground that

it was a reference to the appellant's failure to testify, which objection was overruled, and he excepted.

Mr. Martin and Mr. Barr were the attorneys representing the appellant on the trial before the jury in this case.

During the state's argument to the jury the questioning of appellant's attorneys as to what they were "hiding" had the force and effect of charging appellant with presently hiding the facts surrounding the shooting of the deceased, for which she was on trial, and emphasized the opportunity she then had to explain the facts to the jury, which she failed to do. Furthermore, such argument directly called upon the appellant, or indirectly called upon her, by addressing such remarks to her attorneys, to then explain to the jury why she did not tell the officers when they were investigating the deceased's death that it was an accident, for if she had done so, "it would have stopped all this trouble here."

The fact that the allusion or comment was put in indirect language does not obviate the harm. 42 Tex. Jur. 336, Sec. 265; Green v. State, 119 Tex. Cr. R. 230, 44 S. W. 2d 726; Branch's Ann. P. C., Sec. 374.

This argument, if not direct, was an indirect comment upon the failure of the appellant to testify. It was in violation of Art. 710, Vernon's Ann. C. C. P., and calls for a reversal.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.

WOODLEY, Judge (dissenting).

The reversal of this conviction is predicated solely upon Bill of Exception No. 2, which relates to remarks of one of the attorneys for the state. My brethren conclude that the remarks constitute a reference to appellant's failure to testify and thus offend against Art. 710 V.A.C.C.P.

If the language used, looked to from the standpoint of the jury, necessarily had reference to the defendant's failure to testify, a violation of Art. 710 C.C.P. is shown, and the defendant should be granted a new trial. But it is not sufficient that the language used by the attorney for the state may be construed as an implied or indirect allusion to the defendant's

failure to testify. Lewis v. State, 155 Tex. Cr. R. 514, 236 S. W. 2d 812.

Every casual reference or bare allusion to the defendant's failure to testify does not require the granting of a new trial. Lewis v. State, 155 Tex. Cr. R. 544, 237 S. W. 2d 293; Bell v. State, 144 Tex. Cr. R. 106, 161 S. W. 2d 109.

The trial judge considered the complaint addressed to the remarks quoted in the majority opinion and overruled appellant's motion for new trial. The bill of exception was then prepared and presented to the trial judge for his approval, in order that his ruling might be reviewed by this court.

Pursuant to the provisions of Art. 667 V.A.C.C.P. (as amended in 1953) the trial judge qualified the bill of exception so as to require it to reflect what he found to be a "reason whereby the argument complained of would not be error." The qualification reads:

"1. I do not certify as a fact that the assistant district attorney made any comment or allusion whatever to the failure of the defendant to testify, as claimed in the bill, but do certify such is defendant's contention.

"2. The assistant district attorney was commenting on the defendant's failure to make any claim the killing of her husband was an accident, when the matter was investigated by the officers some time—a few weeks—before defendant was charged with the offense or arrested for it. At the time the silence occurred to which the prosecutor was alluding, the defendant was at liberty, not under arrest nor in custody. She was the only person present when her husband was shot to death, and did not claim accident to the investigating officers when they interviewed her. These facts were before the jury by admissible evidence, and the court thought then and thinks now it was legitimate for the prosecutor to comment on these facts.

"3. I do not certify as to what was the argument of state's counsel other than as set out in this bill, and I do not certify to there being any denunciation of defendant's counsel, nor as what the jury knew, nor that the remarks complained of in this bill were in any way prejudicial, damaging or hurtful to defendant. The remarks complained of in the bill as prosecutor's argument did not constitute either a second, or a first reference, either direct or indirect, to defendant's failure to testify, but

such is defendant's contention. The argument of state's counsel was based on the evidence which had been admitted, and in my opinion was legitimate argument based thereon. I cannot certify as to how much of the remarks and objections and exceptions set out in the bill was heard by the jury."

In Fowler v. State, 161 Tex. Cr. Rep. 30, 274 S. W. 2d 705, 708, this court speaking of the effect of the 1953 amendment of Art. 667 V.A.C.C.P., said:

"It (the legislature) went further and expressly provided that if facts exist which rendered the argument not objectionable, or subject to the complaint leveled thereat, the trial court was expressly authorized to require that the bill of exception reflect such facts."

In the light of the trial court's qualifications certifying to the contrary, which were accepted by appellant, the writer is unable to agree that the argument necessarily referred to appellant's failure to testify.

Opinion approved by the court.