Glen Alan BURNETT, Appellant,

v.

The STATE of Texas, State.

No. 2–90–326–CR.

Court of Appeals of Texas,
Fort Worth.

June 16, 1992.

Rehearing Overruled Jan. 13, 1993.

---

Ricky B. Perritt, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., Kathleen A. Walsh, Ed Brownlee and Ray Vice, Assts., Denton, for appellee.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

## OPINION

MEYERS, Justice.

Appellant, Glen Alan Burnett, appeals from a conviction by the jury of murder. *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 1989). The punishment enhanced by a prior conviction was assessed by the jury at forty-five (45) years confinement.

We affirm.

On April 9, 1990, Doyle R. Comer died in the parking lot of an apartment complex from multiple blows to the head and a knife wound to his neck. The fact that Burnett inflicted the wounds upon Comer is not contested. Burnett argued self-defense, defense of third person, and defense of property.

■ In his first point, Burnett argues that the trial court should not have allowed Officer Newby to testify because he was not qualified as an expert and his lay testimony was inadmissible. The complained-of testimony was as follows:

[PROSECUTOR:] And based upon your investigation of this scene, and based upon what you saw with regard to the lack of blood from the neck down, and the blood pooled under the head, did you form an opinion?

[WITNESS:] Yes, I did.

[PROSECUTOR:] And what opinion did you form?

[WITNESS:] I formed the opinion that Mr. Comer's throat had been cut after he was already lying on the ground.

[DEFENSE COUNSEL]: Your Honor, I'm going to object to this. Now, I'm going to object to him speculating. First of all, he hasn't been qualified as an expert in any area of forensic investigation. He's a police officer. Now he's getting into something totally outside the—speculation, and I object to it.

Outside the jury's presence the witness was taken on voir dire and questioned as to his qualifications. The trial court overruled defense counsel's objection and allowed Officer Newby to give his opinion as an expert.

■ The objection was made after the question had been answered. To be considered on appeal, an objection to the admission of evidence must be made when the evidence is offered, not after it has been introduced. *Guzman v. State*, 521 S.W.2d 267, 269 (Tex.Crim.App.1975). Defense counsel's objection was not timely.

■ Even if the objection had been timely, the evidence was still properly admitted. In deciding whether to admit expert testimony, the trial court is to determine two things: (1) whether the witness is qualified as an expert, and (2) whether scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. *Powers v. State*, 757 S.W.2d 88, 93 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Before the adoption of the Texas Rules of Criminal Evidence, the Texas law was clear that whether a witness offered as an expert possessed the required qualifications was a question which rested largely within the discretion of the trial court, and the decision to admit or exclude the proposed opinion testimony would not be disturbed unless a clear abuse of discretion was shown. *Id.,* citing *Steve*

*v. State,* 614 S.W.2d 137, 139 (Tex.Crim. App. [Panel Op.] 1981). Under the Texas rules, the trial court still has discretion in determining whether a witness is qualified to give an expert opinion and those matters will not be disturbed on appeal in the absence of abuse of discretion. *Powers,* 757 S.W.2d at 93.

Officer Newby's testimony concerning his qualifications to testify as an expert were as follows: he has a bachelor's degree in criminal justice; he is charged with investigating crime scenes as part of his duties; he received training in investigative techniques used to determine what happened based upon the crime scene and has had the opportunity to practice those investigative techniques before the crime in question; and he has had training in blood flow and specifically considered the issue of determining when a wound was inflicted.

There is no clear abuse of discretion on the part of the trial court in allowing this testimony. Burnett's first point of error is overruled.

■ In his second point, Burnett argues the trial court erred in overruling his objection to Officer Newby's testimony regarding his tattoos, because it was extraneous and prejudicial. The complained-of testimony went as follows:

[PROSECUTOR:] Are you acquainted with that [sic] Glen Alan Burnett's appearance?

[WITNESS:] Yes, I am.

[PROSECUTOR:] Does he have any tattoos?

[WITNESS:] Yes, he does.

[DEFENSE COUNSEL]: Your Honor, I'm going to object TO [sic] that. That's totally irrelevant, outside the record, and an attempt to interject something in this trial that has no bearing on the issues, and I object to it.

After a voir dire examination of the witness outside the jury's presence where Newby stated he could identify Burnett without the tattoos, the objection was overruled.

The objection was made after the question had been answered. To be considered on appeal, an objection to the admission of evidence must be made when the evidence is offered, not after it has been introduced. *Guzman,* 521 S.W.2d at 269. Burnett's second point of error is overruled.

■ In his third point, Burnett argues that the court's charge was not supported by the evidence. Burnett asserts that the indictment alleges two separate means of causing the death of the victim, and the court's charge instructs the jury to find him guilty if either means was proven beyond a reasonable doubt. Burnett argues that the issue of the victim's throat being cut was not supported by the evidence. The evidence showed that Dr. Petty testified:

[PROSECUTION:] Okay. And did you determine the manner, means, and cause of death in your opinion?

[WITNESS:] Yes.

[PROSECUTION:] And what was that, please?

[WITNESS:] The manner of death is homicidal, obviously, with multiple blows having been struck to the head and a cut or incised wound of the neck.

[PROSECUTION:] That is the manner?

[WITNESS:] Manner of death is homicidal, yes, sir.

[PROSECUTION:] Okay. And the means?

[WITNESS:] Well, I don't know what you mean by "means."

[PROSECUTION:] Okay. What about the cause?

[WITNESS:] The cause of death is the head injuries, and then with the additional burden of the cutting wound of the left neck. [Emphasis added.]

■ It is proper to allege alternative means by which a murder is committed. *Brandon v. State,* 599 S.W.2d 567, 577 (Tex.Crim.App.1979), *cert. granted,* 453 U.S. 902, 101 S.Ct. 3134, 69 L.Ed.2d 988 (1981). It is only necessary to prove one of the means by which the murder was committed, and its proper to charge only on the means which is supported by the evidence. *Id.* In the charge the jury could have

found Burnett guilty of murder by cutting the throat or hitting the head of the deceased. There was evidence that both contributed to the death. We hold the evidence sufficiently supports the charge submitted to the jury. Burnett's third point of error is overruled.

■ In his fourth point, Burnett argues the trial court erred in overruling his objection to the prosecutor's opening argument. Burnett argues the prosecutor commented on the defendant's failure to testify. The complained-of argument went as follows:

[PROSECUTOR]: The only issue here is murder and self-defense. You will remember from voir dire we talked about the elements of murder. On or about a certain date here, what does the evidence show you? April the 9th, 1990. It's uncontested.

Second element. In Denton County, Texas. Uncontroverted.

[DEFENSE COUNSEL]: Judge, I'm going to object now if he uses the word "controverted." It's a comment on the failure of the Defendant to testify, and I object to it.

THE COURT: Overruled.

[PROSECUTION]: That was uncontroverted as well. The Defendant. The only person that was identified by any of these witnesses as doing this was this Defendant right over here, Glen Alan Burnett. Uncontroverted.

[DEFENSE]: Judge, again I'm going to object to him using the word "uncontroverted" in the way he's using it is a comment on the failure of this Defendant to testify.

THE COURT: I'll overrule the objection. The jury will be instructed to follow the Court's charge.

[PROSECUTION]: And he knowingly or intentionally caused the death of an individual, Doyle Comer. Once again, uncontroverted.

[DEFENSE]: Again, Your Honor, I'm going to object. That's a comment on the failure of this Defendant to testify. So I won't have to keep standing up and doing that, I would like to have a running objection to this uncontroverted argument by counsel.

THE COURT: Well, I'll overrule the objection, and I'm not going to give you a running objection.

■ To determine if a prosecutor's comment violated Tex.Code Crim.Proc.Ann. art. 38.08 (Vernon 1979) and constituted an impermissible reference to the failure of the accused to testify, we must consider whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily consider it to be a comment on the failure of the accused to testify. *See Banks v. State*, 643 S.W.2d 129, 134 (Tex.Crim.App.1982), *cert. denied*, 464 U.S. 904, 104 S.Ct. 259, 78 L.Ed.2d 244 (1983); *Milton v. State*, 620 S.W.2d 115, 116 (Tex.Crim.App.1980) (opinion on reh'g). When viewed from the standpoint of the jury, the implication that the language used by the prosecutor made reference to the accused's failure to testify must be a necessary one. *Todd v. State*, 598 S.W.2d 286, 294 (Tex.Crim.App. [Panel Op.] 1980). It is not sufficient that the language *might* be construed as an implied or indirect allusion to the accused's invocation of his fifth amendment right to remain silent. *Id.* However, if the prosecutor's remark called to the jury's attention the absence of evidence that could only be supplied by the testimony of the accused, the comment is improper and the conviction must be reversed. *Angel v. State*, 627 S.W.2d 424, 426 (Tex.Crim.App. [Panel Op.] 1982).

The prosecutor's use of the word "uncontroverted" was meant to explain to the jury that the only issues they needed to focus on in the trial were Burnett's defense issues. Whether or not Burnett intentionally inflicted the wounds on the victim, was not an issue in the case. The language was not meant to be a comment on the defendant's failure to testify, and the jury would not have naturally considered it one. Burnett's fourth point of error is overruled.

■ In his fifth point, Burnett again argues that the prosecutor commented on his failure to testify. The prosecutor argued as follows:

[PROSECUTOR]: Don't let him dehumanize Doyle Comer by putting in all these awful pictures in front of you. And I would ask you if you are going to consider these tattoos, to consider the tattoos the Defendant has that you haven't seen about [sic] but heard about. There he is. Look at him. Think about it, folks. Who's hiding what?

[DEFENSE]: Judge, I'm going to object to that as a direct comment on the failure of this Defendant to testify.

THE COURT: I did not hear what he said. Mr. Brownlee, you need to speak up a little louder where I can hear you with your back turned to me. What did you say?

[PROSECUTOR]: I was talking about tattoos, and I said look at him, see who's hiding what.

[DEFENSE]: And let the record reflect that he pointed at the Defendant at that time, Your Honor. And I object to that as a direct comment on the failure of this Defendant to testify.

THE COURT: Overruled.

[PROSECUTION]: Once again, with regard to tattoos, who's hiding what? **Look at those.** [Emphasis added.]

We must again consider whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily consider it to be a comment on the failure of the accused to testify. *See Banks*, 643 S.W.2d at 134.

It appears from the testimony that the prosecutor was referring to Burnett's tattoos. When asked to clarify by the judge, the prosecutor states, "I was talking about tattoos." He refers to the tattoos and then states, "Look at those." It does not appear clear from the language that it was intended to be a comment on the defendant's failure to testify.

Burnett states that these facts are similar to *Lee v. State*, 162 Tex.Crim. 489, 286 S.W.2d 633 (1956). In *Lee*, the prosecutor made statements to the jury asking the defendant's counsel, "What are you hiding?" *Id.* 286 S.W.2d at 634. The court found these comments indirectly called upon the defendant to explain why she did not give certain information to the police, and an indirect comment on the failure of the defendant to testify. *Id.*

*Lee* is clearly distinguishable from the present case where the prosecutor was referring to Burnett hiding his tattoos. The language was not meant to be a comment on the defendant's failure to testify, and the jury would not have naturally considered it one. Burnett's fifth point of error is overruled.

Judgment is affirmed.