SAMBE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-097-CR

SERIGNE SAMBE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Serigne Sambe appeals his conviction of aggravated assault.  He argues that (1) the jury’s verdict is both legally and factually insufficient; (2) the trial court erred in allowing an officer to testify as an expert on the injury; and (3) the State violated 
Brady v. Maryland
 by not disclosing the alleged victim’s prior criminal record.  We affirm.

Factual Background

On July 22, 2001, Denise Sambe, appellant’s wife, was involved in an incident that resulted in a knife wound.  The jury heard conflicting testimony concerning the events of that night and how the injury occurred.  

Denise testified that she fought with appellant over his naturalization status because she refused to fill out his immigration paperwork.  Because appellant had lied to her about his citizenship, she wanted to wait and see if the marriage was real.  She then went to bed, and appellant went outside and continued drinking.  Denise woke up early the next morning and saw appellant in the living room peeling an orange with a long knife.  
She asked him if he was going to peel her one, but he did not answer and only glared at her.  A short time later, appellant entered the bedroom with the knife and asked again if she was going to fill out his paperwork.  She tried to stall for time, but he lunged at her with the knife.  She rolled off the bed, trying to avoid the knife, but it caught her across the chest.  It ripped her shirt and cut her right arm.

She called 911, dropped the phone, and then ran outside.  Kathy Camp, the 911 operator, testified that she received an open line on July 22, 2001.  Although she did not hear any screams, she did hear doors slamming.  She kept the line open until the police arrived.  Once the police arrived, Denise came out from her hiding place in the bushes.  She was extremely upset and approached Officer Keith Martin saying, “[H]elp me; he is after me; he is trying to find me.” She feared for her life and thought appellant was going to kill her.  The police later found appellant a short distance from the residence in his car and arrested him for aggravated assault.

Appellant testified to a completely different version of events.  He stated that Denise tried to hand him the knife to cut her an orange, but he refused because he was busy working on his computer.  Appellant then left because he was afraid Denise would get angry and physical.  He drove his car away, parked it, and slept until the police later arrested him.  He denied any ongoing disagreement between him and Denise concerning his immigration papers. When asked if he believed that Denise somehow injured herself after he left, appellant answered, “That’s the only thing that can come to my mind.”

Appellant was charged with aggravated assault and pled not guilty.  The jury found appellant guilty and sentenced him to five years’ confinement.

Sufficiency of the Evidence

In points one and two, appellant alleges that the evidence is legally and factually insufficient to support his conviction.  Specifically, he argues that the evidence that he caused bodily injury to Denise by cutting her with a knife is insufficient.  He argues that Denise testified that he made a single knife wound on her arm; however, she appeared to have multiple cuts in the same area.   Also, he contends that Officer Martin’s testimony concerning Denise’s wounds is inconsistent with her testimony.
(footnote: 2)
 After reviewing the record, we conclude that the evidence is both legally and factually sufficient to support appellant’s conviction for aggravated assault.  Although the jury heard conflicting testimony, it is entitled to resolve conflicts in the evidence, to evaluate the credibility of the witnesses, and to determine the weight to be given any particular evidence.  
See Jones v. State
, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  Furthermore, any inconsistencies in the testimony should be resolved in favor of the verdict.  
See Moreno v. State
, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

The jury heard testimony that a knife with a serrated edge, as allegedly used by appellant, could cause multiple cuts with a single swipe.  Also, the possible inconsistencies in Officer Martin’s testimony concerning the direction of the knife wound could be resolved by the jury.
(footnote: 3)  Accordingly, applying the appropriate standards of review,
(footnote: 4) we hold that the evidence is both legally and factually sufficient to support the jury’s verdict.
(footnote: 5)  We overrule appellant’s first and second points.

Expert Testimony

In his third point, appellant alleges that the trial court abused its discretion in allowing Officer Martin to testify as an expert on the injury.  The State replies that the point has not been preserved for review, and alternatively, Officer Martin’s qualifications rendered the testimony admissible.

After taking Officer Martin on voir dire, defense counsel objected to his expert testimony concerning the direction of the knife wound.  During voir dire, defense counsel asked Officer Martin about his education and background, specifically about his background in knife wounds and forensic science.  Defense counsel then objected to his testimony based on Texas Rules of Evidence 701, 702, and 703.  
See
 
Tex. R. Evid
. 701 (opinion testimony by lay witnesses), 702 (expert testimony), 703 (bases of expert opinion testimony).  On appeal, appellant argues that Officer Martin presented no evidence that his wound theory was based on a reliable scientific theory.

If the grounds asserted in a point on appeal do not comport with the grounds of the trial court objection from which the point on appeal arose, the point on appeal presents nothing for our review.  
Sterling v. State
, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1213 (1991); 
Miller v. State
, 940 S.W.2d 810, 816 (Tex. App.—Fort Worth 1997, pet. ref’d). Because the voir dire examination and objection focused on Officer Martin’s qualifications and not on the validity of the underlying scientific theory or technique, the trial court did not have the opportunity to address the issue now on appeal.
(footnote: 6)  Thus, appellant has waived this complaint.  
See
 
Tex. R. App. P
. 33.1 (a)(1) (requiring a party to present the specific grounds for an objection to preserve a complaint for review).

However, appellant does specifically argue that Officer Martin lacked any qualifications to testify as an expert under Texas Rule of Evidence 702. Because he objected on this basis at trial and properly preserved this complaint for our review, we will now address it.  
See
 
Tex. R. App. P
. 33.1(a)(1).

The qualification of a witness to testify as an expert is a determination which rests largely within the discretion of the trial court.  
Sterling, 
800 S.W.2d at 521.  The trial court's decision will not be disturbed on appeal absent a clear abuse of discretion.  
Id
.

Here, Officer Martin testified that he has had 540 hours basic police training and 400 hours in-service training.  He also has had specific training in investigating domestic violence cases.  He is a certified field identification technician (FIT) and assists in determining what actually happened at a crime scene.  Through his training, he has developed skills such as crime scene searching, sketching, and collection of evidence.  He has had approximately four to six hours of training specifically with cuts in his FIT training and then another two hours of training in an intermediate crime scene search course.

Based on Officer Martin’s qualifications, we cannot say that the trial court abused its discretion in allowing his testimony concerning the knife wound.  
See  Burnett v. State
, 842 S.W.2d 296, 299 (Tex. App.—Fort Worth 1992, pet. ref’d) (allowing officer testimony based on similar qualifications).  Thus, we overrule appellant’s third point.

Brady
 Violation

In his fourth point, appellant argues that the State violated 
Brady v. Maryland
 by not disclosing Denise’s prior criminal record.  
Brady v. Maryland
, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963).  He contends that the State failed to disclose the cause number or any reasonable means to find the offense.  He claims it was necessary because she had received deferred adjudication for filing a false police report, which would have supported one of his defensive theories.

 It is settled law that a defendant's due process rights are violated if he does not obtain, upon request, evidence in the State's possession favorable to him “where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.”
  Id
.  But there is no general right to discovery in a criminal case, and 
Brady
 does not create one.  
See
 
Weatherford v. Bursey
, 429 U.S. 545, 559, 97 S. Ct. 837, 846 (1977).  To invoke
 Brady
, the accused must present evidence that:  (1) the prosecution suppressed or withheld evidence;  (2) this evidence would have been favorable to the accused; and (3) this evidence would have been material to the accused's defense.  
Ex parte Kimes
, 872 S.W.2d 700, 702-03 (Tex. Crim. App. 1993). 

Brady
 material applies to information that is known to the prosecution but unknown to the defense.  
United States v. Agurs
, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397 (1976); 
Jackson v. State
, 552 S.W.2d 798, 804 (Tex. Crim. App. 1976) (holding that the prosecutor did not violate his duty to disclose favorable information when the evidence was already available to the defense), 
cert. denied
, 434 U.S. 1047 (1978).
  
Brady
 does not require the State to produce exculpatory information that it does not have in its possession or that is not known to exist.  
Hafdahl v. State
, 805 S.W.2d 396, 399 n.3 (Tex. Crim. App. 1990), 
cert. denied
, 500 U.S. 948 (1991); 
Johnson v. State
, 901 S.W.2d 525, 533 (Tex. App.—El Paso 1995, pet. ref’d).  The State does not have a duty to seek out evidence for the defendant’s use.  
Palmer v. State
, 902 S.W.2d 561, 563 (Tex. App.—Houston [1
st
 Dist.] 1995, no pet.).

Here, the State had knowledge about Denise’s prior deferred adjudications for filing a false police report and for fraudulently obtaining a prescription drug. The State communicated this information to the appellant.  It is apparent from the record that appellant already knew of Denise’s prior deferred adjudications. However, appellant argued that the State had failed to disclose the cause number, date, or disposition of the offenses.  The State admitted that it learned from Denise of her successful completion of deferred adjudication, but did not have a cause number or county or anything relating to it in the file.  The State offered to run a computer check under Denise’s maiden name, and the court ordered the State to turn over the information if it discovered any.

Appellant fails to meet the first 
Brady
 element, that the State suppressed or withheld evidence, because the State never had the evidence.  It offered to run a computer check; however, there is nothing in the record to support an allegation that the State acquired information and then withheld it from appellant.  Furthermore, appellant knew of the prior offenses, and the State is not obligated to seek out evidence for a defendant’s use.  
See id
.  Because appellant fails to meet one of the required 
Brady
 elements, his argument fails.  Thus, appellant’s fourth point is overruled.

Conclusion

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED:  March 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Appellant refers to Officer Keith Olson in his brief; however, it is apparent from the record that he is referring to Officer Keith Martin.

3:
Part of the confusion concerning whether the direction of the knife wound was consistent with an attack or self-injury resulted from the picture of the wound possibly being upside down as Officer Martin attempted to describe the direction of the cut.  Officer Martin’s ultimate conclusion concerning the injury was that this was not a case of self-mutilation.

4:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994) (providing legal sufficiency standard of review), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992) (same), 
cert. denied
, 507 U.S. 975 (1993); 
Sims v. State
, No. 1328-01, slip op. at 37-38, 2003 WL 1060179, at *1 (Tex. Crim. App. March 12, 2003)
 (holding that 
a proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal);
 Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard of review); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).

5:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.

6:
Although Officer Martin admitted he made “a call” on the injury without a degree in forensic science, defense counsel never questioned him any further concerning the basis or underlying scientific theory for his decision. 
 Counsel simply inquired into his background and training.