COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-097-CR
SERIGNE SAMBE                                                                        APPELLANT
V.
THE STATE OF TEXAS                                                                     STATE
------------
FROM THE 158
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Serigne Sambe appeals his
conviction of aggravated assault. He argues that (1) the jury's verdict is both
legally and factually insufficient; (2) the trial court erred in allowing an
officer to testify as an expert on the injury; and (3) the State violated Brady
v. Maryland by not disclosing the alleged victim's prior criminal record.
We affirm.
Factual Background
On July 22, 2001, Denise Sambe,
appellant's wife, was involved in an incident that resulted in a knife wound.
The jury heard conflicting testimony concerning the events of that night and how
the injury occurred.
Denise testified that she fought
with appellant over his naturalization status because she refused to fill out
his immigration paperwork. Because appellant had lied to her about his
citizenship, she wanted to wait and see if the marriage was real. She then went
to bed, and appellant went outside and continued drinking. Denise woke up early
the next morning and saw appellant in the living room peeling an orange with a
long knife. She asked him if he was going to peel her one, but he did not answer
and only glared at her. A short time later, appellant entered the bedroom with
the knife and asked again if she was going to fill out his paperwork. She tried
to stall for time, but he lunged at her with the knife. She rolled off the bed,
trying to avoid the knife, but it caught her across the chest. It ripped her
shirt and cut her right arm.
She called 911, dropped the phone,
and then ran outside. Kathy Camp, the 911 operator, testified that she received
an open line on July 22, 2001. Although she did not hear any screams, she did
hear doors slamming. She kept the line open until the police arrived. Once the
police arrived, Denise came out from her hiding place in the bushes. She was
extremely upset and approached Officer Keith Martin saying, "[H]elp me; he
is after me; he is trying to find me." She feared for her life and thought
appellant was going to kill her. The police later found appellant a short
distance from the residence in his car and arrested him for aggravated assault.
Appellant testified to a completely
different version of events. He stated that Denise tried to hand him the knife
to cut her an orange, but he refused because he was busy working on his
computer. Appellant then left because he was afraid Denise would get angry and
physical. He drove his car away, parked it, and slept until the police later
arrested him. He denied any ongoing disagreement between him and Denise
concerning his immigration papers. When asked if he believed that Denise somehow
injured herself after he left, appellant answered, "That's the only thing
that can come to my mind."
Appellant was charged with
aggravated assault and pled not guilty. The jury found appellant guilty and
sentenced him to five years' confinement.
Sufficiency of the
Evidence
In points one and two, appellant
alleges that the evidence is legally and factually insufficient to support his
conviction. Specifically, he argues that the evidence that he caused bodily
injury to Denise by cutting her with a knife is insufficient. He argues that
Denise testified that he made a single knife wound on her arm; however, she
appeared to have multiple cuts in the same area. Also, he contends that Officer
Martin's testimony concerning Denise's wounds is inconsistent with her
testimony.(2)
After reviewing the record, we
conclude that the evidence is both legally and factually sufficient to support
appellant's conviction for aggravated assault. Although the jury heard
conflicting testimony, it is entitled to resolve conflicts in the evidence, to
evaluate the credibility of the witnesses, and to determine the weight to be
given any particular evidence. See Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996). Furthermore, any inconsistencies in the testimony should
be resolved in favor of the verdict. See Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988).
The jury heard testimony that a
knife with a serrated edge, as allegedly used by appellant, could cause multiple
cuts with a single swipe. Also, the possible inconsistencies in Officer Martin's
testimony concerning the direction of the knife wound could be resolved by the
jury. (3) Accordingly, applying the appropriate
standards of review, (4) we hold that the
evidence is both legally and factually sufficient to support the jury's verdict.
(5) We overrule appellant's first and second points.
Expert Testimony
In his third point, appellant alleges that the trial court abused its
discretion in allowing Officer Martin to testify as an expert on the injury. The
State replies that the point has not been preserved for review, and
alternatively, Officer Martin's qualifications rendered the testimony
admissible.
After taking Officer Martin on voir dire, defense counsel objected to
his expert testimony concerning the direction of the knife wound. During voir
dire, defense counsel asked Officer Martin about his education and background,
specifically about his background in knife wounds and forensic science. Defense
counsel then objected to his testimony based on Texas Rules of Evidence 701,
702, and 703. See Tex. R. Evid. 701 (opinion testimony by
lay witnesses), 702 (expert testimony), 703 (bases of expert opinion testimony).
On appeal, appellant argues that Officer Martin presented no evidence that his
wound theory was based on a reliable scientific theory.
If the grounds asserted in a point on appeal do not comport with the
grounds of the trial court objection from which the point on appeal arose, the
point on appeal presents nothing for our review. Sterling v.
State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), cert.
denied, 501 U.S. 1213 (1991); Miller v. State, 940
S.W.2d 810, 816 (Tex. App.--Fort Worth 1997, pet. ref'd). Because the voir dire
examination and objection focused on Officer Martin's qualifications and not on
the validity of the underlying scientific theory or technique, the trial court
did not have the opportunity to address the issue now on appeal.
(6) Thus, appellant has waived this complaint. See
Tex. R. App. P. 33.1 (a)(1) (requiring a party to present the specific grounds
for an objection to preserve a complaint for review).
However, appellant does specifically argue that Officer Martin lacked
any qualifications to testify as an expert under Texas Rule of Evidence 702.
Because he objected on this basis at trial and properly preserved this complaint
for our review, we will now address it. See Tex. R. App.
P. 33.1(a)(1).
The qualification of a witness to testify as an expert is a
determination which rests largely within the discretion of the trial court. Sterling,
800 S.W.2d at 521. The trial court's decision will not be disturbed on
appeal absent a clear abuse of discretion. Id.
Here, Officer Martin testified that he has had 540 hours basic police
training and 400 hours in-service training. He also has had specific training in
investigating domestic violence cases. He is a certified field identification
technician (FIT) and assists in determining what actually happened at a crime
scene. Through his training, he has developed skills such as crime scene
searching, sketching, and collection of evidence. He has had approximately four
to six hours of training specifically with cuts in his FIT training and then
another two hours of training in an intermediate crime scene search course.
Based on Officer Martin's qualifications, we cannot say that the trial
court abused its discretion in allowing his testimony concerning the knife
wound. See Burnett v. State, 842 S.W.2d 296, 299 (Tex.
App.--Fort Worth 1992, pet. ref'd) (allowing officer testimony based on similar
qualifications). Thus, we overrule appellant's third point.
Brady Violation
In his fourth point, appellant argues that the State violated Brady
v. Maryland by not disclosing Denise's prior criminal record. Brady
v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963). He contends
that the State failed to disclose the cause number or any reasonable means to
find the offense. He claims it was necessary because she had received deferred
adjudication for filing a false police report, which would have supported one of
his defensive theories.
It is settled law that a defendant's due process rights are violated if
he does not obtain, upon request, evidence in the State's possession favorable
to him "where the evidence is material either to guilt or to punishment,
irrespective of the good faith or bad faith of the prosecution." Id.
But there is no general right to discovery in a criminal case, and Brady
does not create one. See Weatherford v.
Bursey, 429 U.S. 545, 559, 97 S. Ct. 837, 846 (1977). To invoke
Brady, the accused must present evidence that: (1) the prosecution
suppressed or withheld evidence; (2) this evidence would have been favorable to
the accused; and (3) this evidence would have been material to the accused's
defense. Ex parte Kimes, 872 S.W.2d 700, 702-03 (Tex.
Crim. App. 1993).
Brady material applies to information that is
known to the prosecution but unknown to the defense. United
States v. Agurs, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397 (1976); Jackson
v. State, 552 S.W.2d 798, 804 (Tex. Crim. App. 1976) (holding that the
prosecutor did not violate his duty to disclose favorable information when the
evidence was already available to the defense), cert. denied,
434 U.S. 1047 (1978). Brady does not require the State to
produce exculpatory information that it does not have in its possession or that
is not known to exist. Hafdahl v. State, 805 S.W.2d 396,
399 n.3 (Tex. Crim. App. 1990), cert. denied, 500 U.S. 948
(1991); Johnson v. State, 901 S.W.2d 525, 533 (Tex.
App.--El Paso 1995, pet. ref'd). The State does not have a duty to seek out
evidence for the defendant's use. Palmer v. State, 902
S.W.2d 561, 563 (Tex. App.--Houston [1st Dist.] 1995, no
pet.).
Here, the State had knowledge about Denise's prior deferred
adjudications for filing a false police report and for fraudulently obtaining a
prescription drug. The State communicated this information to the appellant. It
is apparent from the record that appellant already knew of Denise's prior
deferred adjudications. However, appellant argued that the State had failed to
disclose the cause number, date, or disposition of the offenses. The State
admitted that it learned from Denise of her successful completion of deferred
adjudication, but did not have a cause number or county or anything relating to
it in the file. The State offered to run a computer check under Denise's maiden
name, and the court ordered the State to turn over the information if it
discovered any.
Appellant fails to meet the first Brady element,
that the State suppressed or withheld evidence, because the State never had the
evidence. It offered to run a computer check; however, there is nothing in the
record to support an allegation that the State acquired information and then
withheld it from appellant. Furthermore, appellant knew of the prior offenses,
and the State is not obligated to seek out evidence for a defendant's use. See
id. Because appellant fails to meet one of the required Brady
elements, his argument fails. Thus, appellant's fourth point is overruled.
Conclusion
Having overruled all of appellant's points, we affirm the trial court's
judgment.
 
                                                                       PER
CURIAM
 
PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and WALKER, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.
2. Appellant refers to Officer Keith Olson in his brief;
however, it is apparent from the record that he is referring to Officer Keith
Martin.
3. Part of the confusion concerning whether the direction
of the knife wound was consistent with an attack or self-injury resulted from
the picture of the wound possibly being upside down as Officer Martin attempted
to describe the direction of the cut. Officer Martin's ultimate conclusion
concerning the injury was that this was not a case of self-mutilation.
4. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim. App. 1994) (providing legal sufficiency standard of review), cert.
denied, 513 U.S. 1192 (1995); Narvaiz v. State, 840 S.W.2d 415,
423 (Tex. Crim. App. 1992) (same), cert. denied, 507 U.S. 975 (1993); Sims
v. State, No. 1328-01, slip op. at 37-38, 2003 WL 1060179, at *1 (Tex.
Crim. App. March 12, 2003) (holding that a proper factual sufficiency review
must include a discussion of the most important and relevant evidence that
supports the appellant's complaint on appeal); Santellan v. State, 939
S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard
of review); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)
(same).
5. See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000); Clewis, 922 S.W.2d at 134.
6. Although Officer Martin admitted he made "a
call" on the injury without a degree in forensic science, defense counsel
never questioned him any further concerning the basis or underlying scientific
theory for his decision. Counsel simply inquired into his background and
training.