**Affirmed and Memorandum Opinion filed November 3, 2011.**



In The

# Fourteenth Court of Appeals

---

### NOS. 14-10-00632-CR, 14-10-00633-CR

---

### MICHAEL LAWRENCE CONTI, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause Nos. 08CR3363, 08CR3364**

---

## MEMORANDUM OPINION

Appellant Michael Lawrence Conti challenges his convictions for indecency with a child by contact and indecency with a child by exposure, raising three issues on appeal: (1) whether the State failed to provide notice of its intent to introduce extraneous-offense evidence at the guilt-innocence phase of trial; (2) whether the trial court erred in allowing the State to introduce testimony of the child-complainant's reputation for truthfulness; and (3) whether the trial court erred in allowing the State to elicit expert-opinion testimony about the child-complainant's truthfulness. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offenses of indecency with a child by contact and indecency with a child by exposure, both of which involved his fourteen-year-old stepdaughter, Mary.[1]  Appellant pleaded "not guilty."  Appellant elected for a jury to assess his punishment.  The jury found appellant guilty of both offenses.  For each offense, appellant was sentenced to ten years' confinement, probated for ten years, with the sentences to run concurrently.

## ANALYSIS

**Did appellant preserve error as to his first issue?**

In his first issue, appellant asserts that the State did not provide notice of intent to introduce extraneous-offense evidence of his prior sexual misconduct with Mary when she was younger.  Specifically, appellant complains of the unobjected-to testimony from three witnesses:  Mary's youth pastor, Mary's therapist, and Mary.  Each witness made reference to appellant's sexual misconduct with Mary when she was about seven or eight years old.  According to appellant, even though the State filed two notices of intent to introduce extraneous-offense evidence, neither notice referred to the extraneous-offense evidence regarding appellant's misconduct with Mary when she was younger.

To have preserved error on his complaint for inadequate notice regarding the State's intent to introduce evidence pertaining to appellant's prior misconduct with Mary, appellant should have made a timely, specific objection in the trial court.  *See* TEX. R. APP. P. 33.1; *Gregory v. State*, 56 S.W.3d 164, 176 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd) (overruling complaint that State's notice of intent to use extraneous offenses was inadequate because accused failed to lodge a timely, specific objection).  The record does not reflect that appellant lodged any objection to the alleged lack of notice regarding the proffered evidence.  *See Gregory*, 56 S.W.3d at 176.  Although

---

[1] To protect the privacy of the child complainant in this case, we refer to the complainant by a pseudonym, "Mary."

appellant objected to the relevance of the therapist's testimony about how Mary's feelings towards her mother had changed, appellant failed to object to the admission of any testimony that made reference to appellant's sexual conduct with Mary when she was younger. An appellate contention must comport with the specific objection made at trial. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). An objection stating one legal theory may not be used to support a different legal theory on appeal. *See Brozton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Because appellant failed to voice his complaint in the trial court, he has failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1; *Gregory*, 56 S.W.3d at 176.

Appellant asserts that he was not required to preserve error in the trial court because the alleged error caused him egregious harm. Appellant relies upon *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). But the *Almanza* analysis does not apply unless a court first determines that there is error in the jury charge. *See Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998). Appellant is not asserting that there was charge error; therefore, *Almanza* does not apply. *See id*. None of the cases cited by appellant support the proposition that error preservation was unnecessary as to his first issue, and this court has held to the contrary. *See Gregory*, 56 S.W.3d at 176. Accordingly, we overrule appellant's first issue.

**Did the trial court err in allowing the State to introduce testimony of the child-complainant's reputation for truthfulness?**

In his second issue, appellant asserts that the trial court erred in allowing the prosecutor to elicit testimony from Mary's close friend, Ashley,[2] about Mary's reputation for being truthful when appellant claimed that he had not attacked Mary's character for truthfulness. We review a trial court's decision to exclude or admit evidence under an abuse-of-discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex. Crim.

---

[2] To protect the privacy of the child complainant in this case, we refer to this minor witness by a pseudonym, "Ashley."

App. 1990) (op. on reh'g). The trial court's ruling will not be reversed as long as the ruling is within the zone of reasonable disagreement. *Id.* at 391.

Texas Rule of Evidence 608, entitled "Evidence of Character and Conduct of Witness," provides in part that "evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." TEX. R. EVID. 608(a)(2). Appellant claims that, at the time Ashley testified about Mary's reputation for truthfulness, he had not yet attacked Mary's character for truthfulness. The test for determining whether a witness's credibility has been attacked, such that reputation testimony is proper, is whether a reasonable juror would believe that the witness's character for truthfulness has been attacked by evidence from other witnesses or statements of counsel during voir dire or opening statements. *See Michael v. State*, 235 S.W.3d 723, 725–26, 728 (Tex. Crim. App. 2007).

In opening statements, appellant's trial counsel referred to Mary as changing her story and offering contradictory accounts of the offense such that the allegations of misconduct "have grown exponentially over a period of time." Trial counsel argued that after the allegations came to light, Mary sometimes denied that the conduct occurred in her conversations with a youth pastor and a counselor at the Child Advocacy Center. Trial counsel argued that Mary then made allegations about appellant's attempts to have contact with her, which then, over time, grew into allegations of exposure and eventually allegations of physical force. Trial counsel argued that Mary's allegations were inconsistent as to when the conduct occurred—whether it occurred every day or a few times a week over the period of a couple of months; some of the conduct was alleged to have occurred during a time when Mary's half-sister was visiting and sharing a bedroom with Mary. Trial counsel claimed that Mary had given contradictory statements, claiming, at times, that she had never seen appellant naked and, at other times, claiming that she saw a "little bit" when appellant "kind of pulled it half way out one time, but that's all." Appellant noted that the jury should observe Mary's demeanor when she

4

recounted the specific events, referring to her demeanor as a "concern" because Mary was "flat" and "unemotional." Appellant's counsel claimed that the evidence would show that it is unreasonable to believe Mary's testimony.

A reasonable juror could interpret appellant's opening arguments as attacking Mary's credibility. *See id.*; *see also Alberts v. State*, 302 S.W.3d 495, 508 (Tex. App.—Texarkana 2009, no pet.) (concluding that trial counsel was not deficient for failing to object to rebuttal evidence of the child complainant's reputation for truthfulness from the child's mother because counsel's opening statements could be interpreted as an attack on the child's credibility when he argued that the child was coached by adults to fabricate and lie about an incident that did not occur). Because the child-complainant's character for truthfulness was attacked in appellant's opening statements, Texas Rule of Evidence 608 would allow rebuttal evidence of the witness's good character. *See* TEX. R. EVID. 608(a)(2); *Michael*, 235 S.W.3d at 725. Therefore, the trial court did not err in allowing this testimony.[3] *See Michael*, 235 S.W.3d at 725.

Appellant also claims he was denied the opportunity to take Ashley on voir dire to test her qualifications before she offered an opinion as to Mary's reputation for truthfulness. The record reflects that prior to asking Ashley her opinion of Mary's truthfulness, the trial court conducted a bench conference. At the bench, the prosecutor indicated that because in his opening statement appellant's counsel had attacked Mary's credibility, the prosecutor sought to ask Ashley's opinion of Mary's truthfulness. Appellant objected to that line of questioning, but the trial court overruled the objection. On direct examination, in response to the prosecutor's question, Ashley expressed her opinion of Mary's reputation in the community for truthfulness. After objecting to the testimony as "improper bolstering," appellant asked to take Ashley on voir dire after

---

[3] Even if the trial court had erred in allowing this testimony, after considering the record, including the testimony and evidence, the nature of the evidence supporting the verdict, the character of the error in relation to other evidence, jury instructions, theories espoused by the parties, and arguments to the jury and relevant voir dire, we conclude any error was harmless. *See* TEX. R. APP. P. 44.2(b); *Schutz v. State*, 63 S.W.3d 442, 444–45 (Tex. Crim. App. 2001).

Ashley already had answered the question. To be considered on appeal, an objection to the admission of evidence must be made when the evidence is offered, and not after it has been introduced. *See Burnett v. State*, 842 S.W.2d 296, 298 (Tex. App.—Fort Worth 1992, pet. ref'd). Based on the parties' arguments at the bench conference, appellant had notice that the prosecutor planned to ask Ashley about her opinion of Mary's truthfulness. But, at no time before the prosecutor asked the question or Ashley answered it did appellant ask to take Ashley on voir dire. On this basis, appellant's request for voir dire was not timely, and therefore preserved nothing for appellate review. *See id.*

Finally, appellant claims that Ashley's testimony, along with the testimony of Mary's brother and youth pastor, both of whom also testified about Mary's reputation for truthfulness, was improper "since none of the three witnesses' testimony was based on a discussion with others, or hearing others discuss, the complainant's reputation." The record does not reflect that appellant objected to any of the witnesses' testimony on this ground. *See* TEX. R. APP. P. 33.1 (requiring an accused to lodge a timely, specific objection in the trial court in order to preserve a complaint for appellate review). Appellant objected to the brother's testimony as "nonresponsive." Appellant objected to Ashley's testimony as "improper bolstering." Nonetheless, on cross-examination, Ashley testified that she based her opinion of Mary's reputation for truthfulness on her conversations with mutual friends. As for the youth pastor's testimony, appellant objected on unspecific grounds and asked to take the witness on voir dire. The record does not reflect that appellant objected to the witnesses' testimony on the grounds now asserted on appeal. An objection stating one legal theory may not be used to support a different legal theory on appeal. *See Brozton*, 909 S.W.2d at 918. Because appellant did not voice this complaint in the trial court, appellant has failed to preserve error for appellate review. *See* TEX. R. APP. P. 33.1. We overrule appellant's second issue.

**Did the trial court err by allowing the State to elicit expert-opinion testimony about the child-complainant's truthfulness?**

In his third issue, appellant claims the trial court erred in allowing the State to introduce testimony of the child-complainant's truthfulness. Appellant complains of testimony from a sexual-assault nurse examiner, who testified that she referred Mary to counseling because she was "certain something had happened based on" the information Mary had given during an examination. Appellant also complains of testimony from Mary's therapist. Although the therapist initially testified that she believed Mary was telling the truth, the trial court sustained appellant's objection to this statement and instructed the jury to disregard that testimony. Appellant complains of the following testimony from the therapist, as emphasized by appellant:

Q: What was [Mary's] demeanor in the beginning of the therapy session?

A: Her emotion was pretty flat. She had subtle signs of depression and anxiety which is why I only gave her adjustment disorder. But *she was very forthright* almost as if she was reciting the details of a movie.

Q: What is the significance of that demeanor?

A: A child that was trying to convince me of something would be very emotional.

Defense Counsel: Objection, Your Honor, nonresponsive.

Trial Court: Overruled.

Q: Please continue.

A: She, they give a lot of detail but they also put a lot of emotion behind it to be convincing, whereas *someone who has truly gone through a traumatic* event tend[s] to be flat….

Appellant characterizes the testimony from both witnesses as vouching for the child-complainant's veracity. We review a trial court's decision to admit or exclude expert testimony under an abuse-of-discretion standard. *See Gallo v. State*, 239 S.W.3d

757, 765 (Tex. Crim. App. 2007). An expert's testimony may be admissible when a jury is not qualified "to the best possible degree" to intelligently determine an issue without the testimony." *See* TEX. R. EVID. 702; *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997). An expert may provide testimony, as substantive evidence, that a child exhibits symptoms consistent with sexual abuse. *See Cohn v. State*, 849 S.W.2d 817, 819–20 (Tex. Crim. App. 1993). But an expert is not permitted to offer a "direct opinion on the truthfulness" of a child-complainant's allegation. *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993).

Although the record reflects that the therapist originally offered a direct opinion on Mary's truthfulness, appellant objected to that testimony, and received a favorable ruling from the trial court and an instruction to the jury to disregard the testimony. In the absence of evidence that the jury members failed to do so, we presume the jury followed the trial judge's instruction to disregard. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (presuming the jury generally follows the trial court's instruction unless appellant presents evidence to rebut presumption). Because appellant received a favorable ruling, we find neither error nor harm as to the therapist's direct opinion as to Mary's truthfulness. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (requiring a party to obtain adverse ruling by trial court in order to preserve error for appellate review). As for the remaining challenged testimony of the two experts, neither of these experts expressed an opinion as to Mary's propensity for truthfulness. *See Johnson v. State*, 970 S.W.2d 716, 720 (Tex. App.—Beaumont 1998, no pet.) (concluding expert did not express an opinion as to the credibility of any witness). Thus, this testimony provides no ground to find error.

Even if we were to indulge appellant's characterization of the remaining testimony as an improper comment on Mary's propensity for truthfulness, appellant has waived the issue by failing to object to the complained-of testimony. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or

8

motion with sufficient specificity to apprise the trial court of the complaint. TEX. R. APP. P. 33.1(a); *Saldano v. State*, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002). Appellant has not cited and we have not found any place in the appellate record reflecting that appellant objected to the experts' opinion testimony on this ground. Therefore, appellant has failed to preserve his complaint for appellate review. We overrule appellant's third issue.

Having overruled each of appellant's issues, we find no basis to disturb the judgments. Accordingly, the trial court's judgments are affirmed.


/s/  Kem Thompson Frost
    Justice


Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).